The Court

observed that three objections had been made to the verdict in this case. First, that the promise declared on was not binding, as being made without a valuable consideration, (a) Second, that the deacons of the church were not, by the statute of 1785, made a corporation for the purpose of receiving and managing a fund established for the support of a minister. Third, that in this case the plaintiffs had not shown themselves to be the deacons of a church duly organized.
On this last objection the Court gave no opinion. But they considered the two former ones as well founded, and on both grounds they set aside the verdict, and ordered a new trial.

 [In Bowers vs. Hurd, (10 Mass. Rep. 429,) Parker, C. J., in giving the opinion of the Court, said, “ We do not admit that when one voluntarily makes a written promise to another to pay a sum of money, the promise can be avoided merely by proving there was no legal and valuable consideration subsisting at the time, any more than, if he actually paid over the amount of such note, he can recover it back again, because he repents of his generosity. He had, indeed, precluded himself and his representatives from denying a consideration, where he has, under his hand, acknowledged one.” In Thatcher & Al. vs. Dinsmore, (5 Mass. Rep. 299,) however, Parsons, C. J., said that, as between promisor and promisee, want of consideration was a good defence. And see Fowler vs. Shearer, 7 Mass. Rep. 14. And this is undoubtedly the better law. Holliday vs. Atkinson, 8 D. & R. J63. And so it is said lately to have been held, (Hill vs. Buckminster, Admr., 5 Pick. 391, Middlesex,) although Morton, J., at Nisi Prius, ruled the contrary on the authority of Bowers vs. Hurd.— Ed.]