Parker, J.
The facts disclosed in the report, and the deposition referred to, show a strong claim in equity on the part of the plaintiff. The deceased intended to make a small compensation to her, for a series of kindness and attention, which, although not the foundation of any legal claim against her in her lifetime, formed a good moral consideration for such compensation ; and it was more honorable in her to endeavor to effect this after her decease, than in her representatives to attempt to defeat that intention. She wished to avoid the expense of making and proving a will, having but few friends for whom she wished to provide, and being content that [ * 429 ] her property, after deducting a few small sums in * lieu of legacies, should go to her legal representatives. By the advice of a friend, she made the promissory note in question, and two others with a similar view, with directions that they should be delivered over at her decease; and on her death-bed she recognized and ratified these gifts, and took peculiar pains that they should become effectual.
The administrator, probably urged by those who succeeded to the property of his intestate, disputes the payment of this note, on the ground that it was given without consideration.
We cannot consider it as donatio causa mortis, as was suggested at the bar, for that must be complete at the time, by a delivery of the thing given. We must therefore determine the general question, whether a note of hand, given under these circumstances, is recoverable by the party to whom it is made payable. And we think that it is so recoverable when, the estate being solvent, there is no interest of creditors to contend with.
No fraud, practice, or even importunity, is suggested to have been used by the plaintiff towards the deceased; nor does it appear that she knew of this exhibition of good-will towards her, until after the decease of her benefactor. She then had this note delivered over to her, wherein the promisor acknowledged she had received a valuable consideration, and promised to pay this sum at a time fixed, Now, we do not admit that, when one voluntarily makes a written *425 promise to another to pay a sum of money, the promise can be avoided merely by proving there was no legal and valuable consideration subsisting at the time; any more than, if he actually paid over the amount of such note, he can recover it back again because he repents of his generosity. He has, indeed, precluded himself and his representatives from denying a consideration, when he has under his hand acknowledged one. That consideration may not have been of a nature to support an indebitatus assumpsit, upon an implied promise ; but may, nevertheless, have been a just and adequate foundation of his promise; and as the circumstances * of the transaction may be wholly unknown to any but [ * 430 ] the immediate parties, there is no reason for permitting an executor or administrator to dispute what the deceased neve questioned in his lifetime, and never intended should be questionea after his death.
We are satisfied that none of the decisions respecting the avoidance of notes or other written promises, for want of consideration, are impeached by our decision in this case. A careful examination will discover that, in all those cases, the ground taken in defence is, not that there was originally no consideration, contrary to the express admission of the promisor, but that the consideration had failed, or that it rested in mistake or misapprehension; what the parties supposed to be a consideration, turning out, in fact, to be none. It was on this principle that the case of Boutelle & Al vs. Cowdin, admr., was decided. (3) In those cases, the promisor is always permitted, against the party with whom he contracted, to show the mistake, or the failure of what was supposed to be substantial. This does not contradict his own acknowledgment of value received, but sets up an equitable claim of discharge, upon the ground that both parties were deceived in the contract. Fraud, illegality, and imposition, are also proper defences against actions to enforce such promises, depending upon other principles.
Upon the whole, we are satisfied that the verdict in this case is right; and judgment must be entered upon it. (a)

 9 Mass. Rep. 254.

 [What is here said by the Court respecting the inadmissibility of parol evidence, to show a want of consideration between the original parties to a promissory note purporting to be for value received, has since been overruled, (Hill vs. Buckminster, 5 Pick. 391; and see Holliday vs. Atkinson, 8 Dowl. Ryl. 163. — Fink vs. Cox, 18 Johns. 145. — Pearson vs Pearson, 7 Johns. 26; and See Boutelle vs. Cowdin, 9 Mass. Rep. 254;) though the Court say " the case itself was rightly decided on other principles; ” upon what principles they have not informed us, and we are left to conjecture. "Whether it could have effect as a donatio mortis causa may be questionable, — Miller vs. Miller, 3 P. Williams, 356. — Tate vs. Hibbert, 2 Ves. Jr. 120.—4 Br. Ch C. 286. — Ward vs. Turner, 2 Ves. 442. — Woodbridge vs. Spooner, 1 Chit. R. 661 pet Abbot, C. J.— Walter vs. Hodges, 2 Swanst. 98.— Gardner vs. Parker, 3 Mad. *426 185. — Lowndes, Leg. 452.— Prest. Leg. 154—157.— Ward, Leg. 58. — 1 Atkinson, Con. 266. — Sed vide Wright vs. Wright, 1 Cowen, 598. — The Court, however, said they could not consider it good as such. And in Holliday vs. Atkinson, (ubi sup.) Abbot, C. J., said, " A promissory note is not good as a donatio mortis causa.” The case can, then, be maintained only on the ground that there was a good consideration for the note, and that the delivery was absolute. But affection, friendship, or a desire to avoid the expense of a will, are no good considerations. — Holliday vs. Atkinson, ubi sup. — Ed.]