ALBANY,     may now be sued in a Justice's Court, and ought to stand
October, 1823.  on the same footing with other persons.

WRIGHT
v.          *Curia.* The motion must be granted. By the 25 dollar
WRIGHT.     act,(d) attorneys may be sued in a Justice's Court ; and by
(d) 1 R. L.  the 12th section of the act concerning counsellors, attorneys
387, s. 1.   and solicitors,(e) they may be arrested and held to common
(e) id. 418.  or special bail, as ordinary persons. Both these acts save
their privilege during the actual sitting of the Court to
which they belong. They were considered as a virtual re-
peal of the law subjecting attorneys to costs, upon recove-
ries short of 50 dollars ; and, in this respect, as placing them
on the footing of other individuals. We agree with the re-
mark in *Foster* v. *Garnsey,* " that their privilege is substan-
tially taken away ; and being put on the same footing with
other persons, as to arrests, they ought to stand on the same
ground in regard to costs; that it ought not to be left to the
option of a plaintiff, to make an attorney pay the costs of
this Court, by electing to sue him by bill in term time." A
corresponding provision was afterwards inserted in the act
(f) Sess. 41,  extending the jurisdiction of Justices.(f) The exception
ch. 94, s. 1.  of time, during the session of the Court, is no objection. It
is a mere suspension of the right to sue in the ordinary way,
during term time.

Motion granted.

---

WRIGHT *against* WRIGHT & M'MILLAN, executors of
WRIGHT.

A promissory     ASSUMPSIT, by payee against executors of the maker, on
note, executed   a promissory note for 500 dollars, dated *Sept.* 15*th*, 1821.
by a testator    
in his last sick-  Plea, the general issue. This cause was tried at the
ness, and de-    last *Franklin* Circuit, *Aug.* 21, 1823, before the Hon. R.
livered to the   H. WALWORTH, Circuit Judge. The defendants attempted
payee, with-     
out considera-   *to* shew a want of consideration for the note, but wholly
tion, but in     
expectation of
dissolution,
and intended as a gift, is valid as a *donatio causa mortis ;*
And an action lies thereon, at the suit of the payee, against the executors of the
maker.
It seems, that on appeal from the refusal of a circuit judge to grant an order for staying
proceedings, with a view to a motion for a new trial, it is enough that the party make
out a doubtful case.

failed in their proof, and a verdict was found for the plaintiff, upon proving the hand writing of the testator.

Soon after the trial, the defendants discovered, for the first time, that *John Livingston* had, shortly after the testator's death, heard the plaintiff declare, that the testator had, by his will, not only released him from a considerable debt, but that he had, also, made a present to him of the note in question. The testator made and published his will in *August*, 1821, from which time to his death, he remained extremely weak and unfit to transact business. He was the brother of the plaintiff.

Upon affidavit of these facts, the defendant applied to Judge WALWORTH for an order to stay the proceedings in the cause, till the further order of this Court, on a motion for a new trial. His Honor refused the order, for the following reasons, which he endorsed upon the papers presented :

" I cannot direct the proceedings stayed ; because I am satisfied, from what appeared at the trial, and from the affidavit of *Livingston*, that the defence is not a meritorious one. The testator intended to give this additional sum to the plaintiff, and executed the note for that purpose, and left ample property to pay it ; and the defendants, one of whom is a residuary legatee, seek to get rid of it on a technical objection. Having had one opportunity to do this, they are not entitled to the favour of the Court."

(a) 18 *John.* 145.

An appeal from the decision of Judge WALWORTH was made to this Court ; and *S. A. Foot*, for the defendant, cited *Fink* v. *Cox, executor.* (a)

*J. Parkhurst*, contra.

*Curia.* It is clearly inferable, from the facts, as presented, that the note was a *donatio causa mortis* ; and the case is, in this respect, distinguishable from the one cited. The testator made his will in his last sickness, and gave the note to his brother, without consideration, to be sure, but in expectation of dissolution. The only question which can arise is, whether a promissory note is the subject of a *donatio causa mortis* ; for there is always a tacit condition annexed to these gifts, that the donor die. To constitute a valid *donatio causa mortis*, there must be a delivery of

chattels. How is it as to choses in action? There are some conflicting authorities upon the question, whether a mere equitable interest can be transferred in this manner, as where the donor delivers a bond payable to himself; and the doubt arises from its being actionable in the name of the donor only. But the interest in a promissory note passes by mere tradition. There is no pretence in this case that the note was not delivered. It takes effect independent of consideration.

*Foot*, mentioned to the Court, that he thought this a question of probable cause, merely; and submitted, whether they would not grant a rule to stay proceedings, with a view to have the questions, involved in the case, more fully examined than they could be upon this motion.

WOODWORTH, J. We think the case, as made, is against you.

SAVAGE, Ch. J. We entertain no doubt, that the note was a *donatio causa mortis*.

Motion denied.