## SUPREME COURT.

MARTIN B. STODDARD, Plaintiff in error, agt. JOSIAH D. CLEVELAND and others, Trustees of the Society of the Methodist Episcopal Church in Masonville, Defendants in error.

An action cannot be maintained against a subscriber to a voluntary subscription paper, which is voluntarily entered into by him, by which he promises to pay a certain sum to the trustees of a certain society for a specified purpose. There is no consideration to uphold such a promise—it is a mere *nudum pactum.*

*General Term, Sixth Judicial District, Nov.* 1849.—MASON, MOREHOSE and H. GRAY, Justices.

This society sued Stoddard in a Justice's Court upon a subscription to the society to purchase a school-room to be converted into a house of religious worship. The cause was tried before a jury, who found a verdict for the defendant; and the cause was then removed into Delaware County Court, by certiorari, and the judgment of the justice was reversed by that court, and Stoddard sued out a writ of error to this court to reverse the judgment of the County Court. The facts of the case will sufficiently appear from the opinion of the court.

The subscription paper reads as follows:

"MASONVILLE, Sept. 15th, 1844.

"We the subscribers, do agree to pay the sums set opposite our respective names, to Josiah D. Cleveland, Samuel G. Cleveland or Festus P. Cleveland, trustees, for the purpose of purchasing the building formerly used as a store, but recently as a school-room, owned by Erasmus Parker, to be converted into a place of worship for the use of the Society of the Methodist Episcopal Church in Masonville, with the understanding that

all sums of five dollars or under, are to be paid by the first day of Sep¹ tember, 1845, and all sums over five dollars are to be paid by the first day of September, 1846.

Subscribers' names:

J. D. Cleveland,        $40.00

S. D. Cleveland,        25.00

Martin B. Stoddard, (deft.) $10.00, and twenty-three other signers of different sums."

PARKERS & PALMER, *for plaintiff in error.*

CHARLES C. NOBLE, *for defendants in error.*

By the Court, MASON, Justice.—The declaration in this case is upon the subscription paper which was voluntarily entered into by the defendant, by which he promised to pay ten dollars to the plaintiffs as trustees, for the purpose of purchasing a particular building for the use of the religious society of which the plaintiffs were then trustees. This, I infer, was a voluntary subscription to this society. There is not, at any rate, any consideration expressed in the subscription paper, and there is none appearing from the evidence in the case. It was proved by the plaintiff, upon the trial, that the defendant signed the subscription paper, but there is no evidence in the case to show that any others signed it. The plaintiffs proved that they had purchased the building, received a conveyance of the same, and that they had given back a bond and mortgage to secure the purchase money. The question arises, can an action be sustained upon such subscription? It was decided in *Boutell and others v. Cowdin,* (9 Mass. Rep. 254,) that a promissory note made in aid of a fund for the support of a minister of a parish was void for want of consideration. The case of *The Trustees of Limerick Academy* v. *Davis,* (11 Mass. Rep. 112,) which was a subscription to build an academy, and by which the subscribers agreed to pay the sums set opposite their names in money or materials for erecting an academy in Limerick, is very much in point. The court held that no action could be maintained upon the subscription, for the reason that the promise was a *nudum pactum,* there being no consideration for the promise. The Supreme Court of Massachusetts reiterates the same doctrine again in the case of *The Trustees of Farmington Academy* v. *Allen,* (14 Mass. Rep. 172, which was also a subscription to erect an academy. The court say no action can be sustained upon the promise contained in the subscription, although there being an account for money laid out and expended, and the evidence in the case being deemed sufficient to render the defendant liable to the plaintiffs, they were permitted to recover.

In the case of *The Trustees of the Bridgewater Academy* v. *Gilbert*, (2 Pick. R. 579,) the defendant and others subscribed certain sums for re-building an academy, and the trustees, without any other act on his part, purchased material for building, and then the defendant refused to pay the sum subscribed by him. The court held, that an action would not lie against him on the paper itself, nor on the ground of money paid at his request. It has been supposed by some that Chief Justice Parker had advanced a different doctrine in Massachusetts in the subsequent case of *The Trustees of Amherst Academy* v. *Cowls*, (6 Pick. R. 427. This case decides nothing different from the other cases. The defendant in that case had subscribed a subscription of $100 to the charitable fund established in Amherst for the classical education of indigent pious young men, and, after those purposes of education were in operation, he gave his promissory note for the amount. The note expressed upon its face, for value received; and the court decided that the defendant was liable upon the note. The court do not mean to overrule the prior cases, for they are all cited in the opinion of the court, and none of them repudiated. And, besides, Chief Justice Shaw, who delivered the opinion of the court, was upon the bench during the whole period of these former decisions and concurred in them. The same doctrine was affirmed in the court of *dernier resort* in this state, in the case of Stewart v. *The Trustees of Hamilton College*, (2 Denio R. 403,) which was an action brought by the trustees upon Stewart's subscription to a "*fund for Hamilton College*," in which it was adjudged that the agreement of an individual to make a donation of money to a literary or religious institution without any undertaking on the part of the donee to do anything, is without consideration and void. And the same case was before the Court of Appeals again after a re-trial in the circuit, and the broad principle of these Massachusetts cases affirmed, and the defendant was declared not to be liable upon his subscription, (1 Comstock R. 581.) It seems to me that these cases are decisive of the case at bar. I am not able to distinguish these cases, or to discover any difference in principle between them. Neither have I been able to discover any principle of law upon which an action on such a promise can be sustained. There is no consideration upon which it can be upheld. The trustees entered into no obligations or promise in return, and it does not help their case any as the pleadings are framed in this case, that the trustees went on and purchased the building. This could not render a promise that was before void, a valid one—a mere *nudum pactum* cannot be thus by the act of one of the parties converted into a valid contract. I do not hesitate to say, in conclusion, that the County

Court erred in this case in reversing the judgment of the justice, and that it is the duty of this court to reverse the judgment of the County Court, and affirm that of the justice.

NOTE.—It is understood that Mr. Justice MOREHOUSE dissented from this opinion.