## FLINT *v.* PATTEE, Adm'r.

A promissory note, made by a party in his last sickness, and in prospect of his approaching death, and delivered to the payee, to take effect after his decease, is not valid as a *donatio causa mortis.*

THIS was an appeal from the decision of the commissioner of insolvency on the estate of Adams Flint, disallowing a note, of which the following is a copy :

Flint *v.* Pattee.

"*Antrim, December* 13, 1853.

For value received I promise to pay Nathaniel Flint, or his order, the sum of one thousand dollars, to be on demand and on interest, at my decease, and not before.

ADAMS FLINT."

Said Adams and Nathaniel Flint were brothers. At the time the note was given no money or property passed between the parties thereto, nor was the said Adams indebted to said Nathaniel for any thing, except about the sum of fifty dollars, for services in taking care of said Adams in his last sickness, which claim was presented to and allowed by said commissioner. But said note was given by said deceased when living, and during his last sickness, and in view of his approaching death, to said Nathaniel as a gift, in token of love and affection to his brother. Said Adams died on the 9th day of January, A. D. 1854. His estate is solvent.

The parties agree that if the court shall be of opinion that said appellant is entitled to recover upon said note, judgment is to be rendered for the amount of said note and his costs ; otherwise for the appellee for his costs.

*Stevens* and *West,* for the appellant.

*Wilcox,* (with him *Briggs,*) for the appellee.

1. The note sought to be recovered is without consideration, and cannot be recovered. Blood or natural affection is not a sufficient consideration to support a simple executory contract. There must have been some preëxisting obligation, which has become operative by positive law, to form a basis for an effective promise. *Mills* v. *Wyman,* 3 Pick. 207 ; *Hill* v. *Buckminster,* 5 Pick. 391 ; *Holliday* v. *Atkinson,* 5 B. & C. 501; *Pearson* v. *Pearson,* 7 Johns. 26 ; *Fink* v. *Cox's Exors,* 18 Johns. 145.

2. It cannot be supported as a *donatio causa mortis.* Being without consideration it was a void promise, incapable of being made the subject of delivery or gift. *Raymond* v. *Sellick,* 10

Conn. 480; *Ward* v. *Turner*, 2 Ves. sen. 431; *Tate* v. *Hilbert*, 2 Ves. jr. 111; *Parish* v. *Stone*, 14 Pick. 198; *Noble* v. *Smith*, 2 Johns. 52; *Grangiac* v. *Arden*, 10 Johns. 293; *Copp* v. *Sawyer*, 6 N. H. 386; *Holly* v. *Adams*, 16 Vt. 206; *Craig* v. *Craig*, 3 Barb. Ch. 76; *Harris* v. *Clark*, 2 Barb. S. C. 94, affirmed in the court of appeals.

The cases of *Bowers* v. *Hurd*, 10 Mass. 429, and *Wright* v. *Wright*, 1 Cow. 598, are the only ones that sustain the plaintiff's case, and these two cases have been expressly overruled.

This is not the case of the gift of the note of a third person, payable to bearer, or endorsed in blank.

The cases of *Parish* v. *Stone*, *Raymond* v. *Sellick*, *Copp* v. *Sawyer*, *Holly* v. *Adams*, and *Harris* v. *Clark*, are directly in point, and decisive of this case.

*Grever* v. *Grever*, 24 Pick. 261, and *Sessions* v. *Moseley*, 4 Cush. 87, are cases of the gift of a note or bond of a third person, and the doctrine of those cases is inapplicable here.

BELL, J. This question rests on authority. In favor of the position that a party in his last sickness and in expectation of his approaching death, may make a note without any consideration but his good will to the payee, and deliver it to take effect after his decease; and that such a note will be valid as a *donatio causa mortis*, are the following cases: *Wright* v. *Wright*, 1 Cow. 598; *Jones* v. *Deyer*, 16 Ala. 221; *Coutant* v. *Schuyler*, 1 Paige 317; *Bowers* v. *Hurd*, 10 Mass. 427; *Woodbridge* v. *Spooner*, 1 Chitt. 661; *Seton* v. *Seton*, 2 Bro. Ch. Ca. 610, and it was held that a bond given under like circumstances was valid. *Wells* v. *Tucker*, 3 Bin. 366.

On the other side are the cases cited by the defendant's counsel. *Raymond* v. *Sellick*, 10 Conn. 480; *Holly* v. *Adams*, 16 Vt. 206; *Parish* v. *Stone*, 14 Pick. 198; *Craig* v. *Craig*, 3 Barb. Ch. 76; *Harris* v. *Clark*, 2 Barb. S. C. 94; S. C., 3 Comst. 93, are directly in point, and decisive of the present state of the law as held in the neighboring States. With them agree *Tate* v. *Hibbert*, 4 Bro. Cha. Ca. 286; 2 Ves. jr. 111;

and *Bouts* v. *Ellis*, 21 E. L. & E. 337, where it is held that the check of the donor is effectual as a *donatio causa mortis* only where the money is paid before his decease.

The case of *Copp* v. *Sawyer*, 6 N. H. 386, is an express decision of the Superior Court upon the point, which has long been regarded and acted upon as the settled law of the State. It cannot now be departed from. There must, therefore, be

*Judgment for the defendant.*