JOHN H. TRORLICHT, Appellant, v. HELENA WEIZENECKER, Respondent.

### March 21, 1876.

1. A *donatio mortis causa*, consummated by delivery, conveys to the donee the legal title to the money or property given, for the purposes indicated by the donor; and such legal title will be enforced by courts of justice.

2. If such money or property passes into the hands of a donee, charged with a trust, and he promises the beneficiary to perform the trust, performance of such promise may be compelled by suit at law. If no such promise be made, performance of the trust may be enforced in equity.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Reber*, with *H. N. Hart*, for appellant, cited : 2 Story Eq. Jur., secs. 1041, 1046 ; Harris v. Clark, 3 Comst. (N. Y.) 93 ; Contant v. Tyler, 1 Paige (N. Y.) Ch. 316.

*Andrew Auer*, for respondent, cited : 2 Bla. Com., secs. 441, 514 ; Toll v. Hilbert, 4 Br. 291 ; Miller v. Miller, 3 P. Wms. 357.

GANTT, P. J., delivered the opinion of the court.

Trorlicht sued Helena Weizenecker, alleging that she was the widow, and he the son-in-law, of Peter Weizenecker ; that he has children of his deceased wife and himself now living ; that Peter died on January 29, 1869 ; that, shortly before his death, Peter drew his check against money then by him held in the Central Savings Bank, of St. Louis, in the sum of at least $1,200, in favor of Francis Fisher,

with instructions to Fisher to draw the money and hand it to defendant, upon condition that she would pay $1,200 of it to plaintiff, for the purpose of supporting and maintaining his children, the issue of Peter's daughter; that Peter made known the giving of this check, and the intentions for which it was designed, to defendant; that defendant received the money and promised to pay it to plaintiff for the purposes aforesaid, but afterwards refused to pay it to him. Wherefore he sued, setting forth the aforegoing facts, and asking for judgment.

The court sustained a demurrer to this petition, and plaintiff appealed to this court.

1. We think the Circuit Court erred. The rule of law is that, if money or property be delivered to A for the use of B, or to be paid or delivered to B, the acceptance of the money or property by A amounts to an express promise from the bailee to the bailor to pay or deliver the money or the property accordingly; and that the person to whom the ultimate use of the money or property is designed may sue the bailee therefor *at law* — especially if the bailee recognizes his obligation to such person, and promises to pay or deliver the money or property to him; and, without such promise, such person may sue the bailee in equity. See 2 Story Eq. Jur., sec. 1041, where the authorities on this head are collected.

2. It is also settled law that, when a gift is made of money or property to any one *causa mortis*, and the money or property is delivered, the donee has a legal title to the money or property for the purposes indicated by the donor. Delivery is essential; that is, the property or money must pass from the hands or custody of the moribund.

But whether it passes to the possession of the party to be ultimately benefited, or to some bailee for his use, seems, as we might naturally expect, to be immaterial.

In New York it has been held that an assignment of a fund in the hands of a third person would be good as *donatio*

*mortis causa.   Harris* v. *Clark*, 2 Barb. 94 ; *Contant* v.
*Schuyler*, 1 Paige, 318.

In *Wright* v. *Wright*, 1 Cow. 598, it was decided that
a promissory note, executed by the testator in his last
sickness, and delivered without consideration to the payee,
in expectation of death, and intended as a gift, was a valid
*donatio mortis causa,* and that an action lay against his
executor.

But there is no occasion to pursue this subject.   In the
case at bar, the money intended by the deceased was
delivered to Fisher.   There is no doubt but that he got it
and handed it to defendant.   If she received it for the use
of plaintiff, and promised to pay it to him accordingly, she
is answerable to him at law ; and if she did not so promise,
she is at any rate answerable in equity.   2 Story Eq. Jur.,
sec. 1041.   The judgment of the Circuit Court must be
reversed and the cause remanded.