Shackleford v. Brown.

the court erred in refusing to let plaintiff answer the question whether, since the beginning of the suit, he had surreptitiously obtained possession of the premises. There was no error in such refusal; this is apparent for two reasons: Such a possession thus obtained would be void in law, and in legal contemplation no possession at all. And the defendants having in their answer stated that they themselves were in possession of the lot could not be allowed to contradict the allegations of their own pleadings. *Bruce v. Sims,* 34 Mo. 246 ; *Capitol Bank v. Armstrong,* 62 Mo. 59 ; *Weil v. Posten,* 77 Mo. 284 ; *Kuhn v. Weil,* 73 Mo. 213. Besides, in any event, the admission of the offered testimony could not have affected the determination of the question in issue, whether the plaintiff, upon the facts proven, was entitled to recover, and if error, if any, was committed in this regard it was wholly immaterial.

Finding no error in the record the judgment should be affirmed. All concur.

SHACKLEFORD, *Executor, Appellant,* v. BROWN.

Donatio Causa Mortis. A gift *causa mortis* sustained by the Supreme Court.

*Appeal from Carroll Circuit Court.*—HON. JAMES M. DAVIS, Judge.

AFFIRMED.

This is a proceeding under Revised Statutes, sections seventy-five to seventy-eight, commenced in the probate court of Carroll county, by the executor of the

estate of Sarah D. Wetherholt, deceased, against Thomas C. Brown, to recover possession of certain notes in his possession. The latter answered, denying that he had any notes, bonds and papers, belonging to said estate, coupled with the statement that he held a package of papers, the contents of which were unknown to him, which was left with him by Mrs. Pulliam, and was claimed by William A. and Samuel Hatcher, as their property. The substantial controversy was as to the ownership of the notes, and whether they had passed as a gift *causa mortis* to the Hatchers. The material and important evidence in the case is the testimony of the witness, Mrs. Pulliam. She stated that about a week before Mrs. Wetherholt's death, witness visited her at her home in Norborne. Witness further testified : "She was reading the Bible, but put it up, and went and got her basket; she came and sat down by me and said : ' I have something to tell you; now pay attention to what I am saying;' on taking a paper from her basket she said : 'This is my will; if anything happens to me I want you to take charge of it;' and she said, 'here are two articles;' taking a note book in her hand she said, 'this is for Samuel;' she then took up a pocket book and said, 'this is for William, and I want you to see that they get them; take them all to Clark Brown, and deposit them with him for safe keeping; these articles and my will make all my children equal.' On Saturday morning, the day of Mrs. Wetherholt's death, I again visited her, and Mrs. Wetherholt said to me: 'I sent for you ; I am going to die ; do you remember what I told you about my papers?' I replied, I did. She then said : 'Take possession of and leave them with Clark Brown for safe keeping, and do with them as I have told you.' She did not take them in her hand, but pointed to the basket and told me to 'take them;' and in her presence I took them and put them in my valise and locked it up and took it to another room."

*T. N. Lavelock* for appellant.

The law looks with disfavor on death-bed gifts, and courts have always been reluctant to sustain them. The party claiming property by virtue of such a gift must, by positive proof, establish all the essential elements of the gift. The intention to give, however apparent, is not sufficient—the execution by a complete delivery of the subject matter of the gift to the donee is absolutely indispensable to the validity of a gift *causa mortis*, and this must be shown by a clear preponderance of testimony or the proposed gift fails. In this case we find every safeguard provided by law for testamentary disposition of property was recklessly disregarded; and secretly and clandestinely an attendant upon an aged, enfeebled and dying woman, obtained possession of her entire personal estate for the benefit of those of her children against whom she had expressed the most hostile feeling. The circumstances disprove her story, and she is confronted with her own contradictory statements. The questionable story of this witness requires the closest scrutiny, and the rule prescribed by the common law and accepted by the courts of this country, and universally applied, must be vigorously enforced in this case. *Hatch v. Atkinson*, 56 Me. 326; *Cutting v. Gillman*, 41 N. H. 152. As to the requirements exacted by courts before they will uphold such transactions, see the following pertinent and valuable cases: *Ward v. Turner*, 2 Ves. 431–437; *Gosnahan v. Grice*, 15 Moore P. C. 215-223; *Miller v. Jeffries*, 4 Gratt. [Va.] 479; *Grey v. Grey*, 47 N. Y. 556; *Egerton v. Egerton*, 17 N. J. Eq. 421; *Haskell v. Basket*, Cent. L. J. 308; *McCord v. McCord*, 77 Mo. 166; *Gano v. Fisk*, 1 West. Rep. 501. If the testimony of Mrs. Pulliam be true, which is exceedingly doubtful, the defendant has signally failed to show such a delivery as the law requires to constitute a

gift *causa mortis*.   There is no claim that on Saturday, the day the alleged gift was first mentioned, there was any delivery.   Manifestly the deceased did not then intend the notes to be delivered to her sons in any ·event until after her death.   The law is well settled by a long line of decisions, that one acting in the capacity of an agent for the giver cannot make the required delivery after the donor's death.   Notice the forcible language used by the vice-chancellor in the case of *Farquharson v. Cave :* "A mere delivery to an agent in the character ·of an agent for the giver would amount to nothing." 2 Schoul. on Pers. Prop. 154–5 ; 3 Redf. on Wills [Am. Ed.] 330–1 ; 1 Williams on Ex. [1 Am. Ed.] s. p. 655 ; *Powell v. Hillican*, 26 Beav. 261 ; *Farquharson v. Cave*, 2 Collier Ch. 356–7 ; *Windows v. Mitchell*, 1 Murphy, 127 ; *Walters v. Ford*, 74 Mo. 195 ; *Chevallier v. Wilson*, 1 Tex. 161.   Mrs. Pulliam was clearly Mrs. Wetherholt's agent.   The acceptance of the subject matter of the donation is also an indispensable requisite of a gift. *Delmotte v. Taylor*, 5 Redf. 423 ; *Dow v. Gould*, 31 Cal. 652.   There was no such acceptance as the law requires in this case.

*Prosser Ray* and *Smith & Krauthoff* for respondent.

The essentials of a gift *causa mortis* are that it is made with a view to the donor's death ; that it is subject to the implied condition in the nature of a condition subsequent ; that it shall take effect only upon the ·donor's death by his existing illness, his recovery ·operating as a revocation ; and the gift will fail if there is a deficiency of assets to pay the donor's debts ; and that there is a delivery of the subject of the donation. No particular form of words is necessary to give effect to the transaction, if sufficient is shown in the way of an intention, followed by the acts requisite to constitute a

valid delivery. *Kenistons v. Sceva*, 54 N. H. 24, 37. The general rule now is that promissory notes and bills not negotiated or indorsed so as to pass ordinarily by delivery, and promissory notes not negotiable in form, bonds, mortgages, policies of insurance, certificates of deposit, savings bank books, and all other evidences of indebtedness may, by a parol gift and delivery of the paper by which the debt is evidenced, either with or without an assignment or indorsement, be the subject of a gift *causa mortis*. The earlier cases to the contrary are overruled. Excluded from this rule are checks drawn by the donor on his general funds in bank and not paid or accepted before his death, and notes made by himself without further consideration to the intended donee. *Chase v. Kedding*, 13 Gray, 418, 420 ; *Ruish v. Slone*, 14 Pick. 198 ; *Brown v. Brown*, 18 Conn. 410 ; *Waring v. Edmonds*, 11 Md. 424 ; 3 Redf. Wills [2 Ed.] 336 ; 2 Schoul. Pers. Prop. 136, 137, 158 ; 1 Story Eq. Jur. [12 Ed.] secs. 607*a*, 607*c*, 607*d; Tillinghast v. Wheaton*, 8 R. I. 442 ; *Pierce v. Boston Savings Bank*, 129 Mass. 425. In the case at bar the property consisted of promissory notes, and all of them, as well the one non-negotiable as those negotiable in form, were the proper subjects of such a gift. And the donor acted in view of her death. There was a full and complete delivery to Mrs. Pulliam, under the strictest rule. *Coleman v. Parker*, 114 Mass. 32. And there can be no doubt that this delivery to Mrs. Pulliam, if made for the donees, constituted as good a delivery to them as though it had been made directly to such donees. Gifts made through the medium of third persons, relatives, friends, and even strangers, have been sustained from the earliest known period of our law on the subject. Such a delivery to a third person is essentially a delivery, not to an agent of the donor, but to a trustee for the donee. 2 Schoul. Pers. Prop. 164, 165 ; *Bouts v. Ellis*, 17 Beav. 121, 125 ; affirmed, on appeal, 4 DeG., M. & G. 249 ; *Borneman v. Sidlinger*, 15 Me. 429, 431 ;

*Coutant v. Schuyler*, 1 Paige, 316, 318 ; *Gass v. Simpson*, 4 Cold. 288, 298 ; *Dresser v. Dresser*, 46 Me. 48, 68. It is not at all necessary that the donee shall have constituted such person his bailee or trustee, nor that the donee shall have any knowledge of the intended gift, or of the delivery, nor that he shall formally accept the same, as his acceptance of an unconditional gift, it being for his benefit, is presumed. *Blasdee v. Locke*, 52 N. H. 228 ; *Darland v. Taylor*, 52 Iowa, 503 ; *Forlees v. Jason*, 6 Ill. App. [Bradw.] 385. Before the gift can be held to fail for want of acceptance, it must appear that the donee, with full knowledge of his rights and of all the facts, expressly renounced the gift. *Hunter v. Hunter*, 19 Barb. 631, 638 ; *Trowell v. Carroway*, 10 Heisk. 104, 113, 114 ; 1 White & Tud. Lead. Cas. Eq. [Part 2, 4 Am. Ed.] 1239. The deposit with Brown was nothing more than the placing of the articles in safes, desks, trunks, closets, etc., which are presented in the cases hereafter cited, and which were there held not to qualify or impair in the least the essential fact of delivery. *Estate of Barclay*, 11 Phila. 123, 125 ; *Caldwell v. Renfrow*, 38 Vt. 213, 218. So, the donor may constructively deliver the property to himself for the donee, and thereby put himself in the position of custodian or trustee for the donee. *Grangiac v. Arden*, 10 Johns. 293, 296 ; *Trowell v. Carroway*, 10 Heisk. 104, 113, 114. And where the subject of the gift is already in the hands of a third person, as agent or otherwise, a direction to him from the donor to deliver or to hold it to the donee, converts him into a trustee for the latter and makes it a sufficient delivery. *Southerland v. Southerland*, 5 Bush, 591, 594 ; *Tillinghast v. Wheaton*, 8 R. I. 536, 540, 541. And the questions as to the fact of the delivery and of the character in which the person receiving it holds the property, are of fact and for the jury, precisely as any and all others arising in an action at law. *Grangiac v. Arden*, 10 Johns. 293, 296 ; *Hunt v. Hunt*, 119 Mass. 474 ; *Clough v. Clough*. 117

Mass. 85; *Jones v. Deyer*, 16 Ala. 221, 224, 225. The credibility of the witnesses and the inferences legitimately to be drawn from the facts and circumstances in evidence, are matters for the jury. Their verdict is conclusive here, unless there is no evidence to support it. Gifts *causa mortis* and gifts *inter vivos* stand on the same basis in respect to what constitutes a delivery. As to what facts constitute a delivery and the distinction between a delivery to an agent for the donor and one to a trustee for the use of the donee, see *Walters v. Ford*, 74 Mo. 195; *McCord v. McCord*, 77 Mo. 166; *Wells v. Tucker*, 3 Binney, 360; *Waring v. Edmonds*, 11 Md. 424; *Michener v. Dale*, 23 Pa. St. 59; *Killey v. Godwin*, 2 Del. Ch. 61; *Trorlicht v. Weizenecker*, 1 Mo. App. 482; *Mitchell v. Smith*, 10 Law Times [N. S.] 520; *Sessions v. Mosby*, 4 Cush. 89; *Clough v. Clough*, 117 Mass. 82; *Sheedy v. Roach*, 124 Mass. 472; *Turner v. Eastbrook*, 129 Mass. 425; *Hill v. Stevenson*, 63 Me. 364; *Hunter v. Hunter*, 19 Barb. 631; *Westerlo v. De Witt*, 36 N. Y. 340; *Grymes v. Hone*, 49 N. Y. 17; *Wyble v. McPheeters*, 52 Ind. 393; *Kemper v. Kemper*, 1 Duv. [Ky.] 401; *Rinker v. Rinker*, 20 Ind. 185; *Parker v. Ricks*, 8 Jones Law, 447; *Hammons v. Renfro*, 84 Mo. 332. Where the gift is to a trustee, who has no personal interest, no valid reason can be suggested for not upholding the transaction. *Dresser v. Dresser*, 46 Me. 48, 67. Whatever might be thought of the policy of recognizing *donationes causa mortis*, now for the first time, the doctrine is firmly established; and courts must administer it as they find it. There can be no benefit in incumbering it with arbitrary rules inconsistent in themselves, and not founded in reason, or upon any practical principle. *Brown v. Brown*, 18 Conn. 410, 414; *Bedell v. Clark*, 33 N. Y. 581, 585, 586.

PER CURIAM.—On the authority of the cases of *Walters v. Ford*, 74 Mo. 198, and *McCord v. McCord*, 77 Mo, 166, the judgment in this case is hereby affirmed.