JOSEPH B. NELSON, Executor of HERMAN WOOSTER-MEIER, Appellant, v. JOSEPH SUDIEK, Respondent.

St. Louis Court of Appeals, April 1, 1890.

Donation Causa Mortis. A gift made by a decedent in contemplation of, and immediately prior to, his death, and consummated by delivery, is valid.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Martin & Avery*, for the appellants.

(1) The court should have allowed plaintiff to prove the contents of the first will. It being destroyed, secondary evidence was admissible. *Foulk v. Colbum*, 48 Mo. 225. (2) The evidence does not show that Woostermeier constituted and appointed the defendant a trustee, but at best only his agent to loan the money for him. The money was not loaned during Woostermeier's life, and his death revoked the agency. *Deck v. Page*, 17 Mo. 234. The offer of defendant to give plaintiff the note taken by him shows that he did not consider himself a trustee. Perry on Trusts, sec. 97. (3) The money in the hands of the defendant at the time of Woostermeier's death belonged to his estate and the plaintiff was entitled to the same. *Hannenkamp v. Borgmeier*, 32 Mo. 568; *State v. Moore*, 18 Mo. App. 406; *Rouggley v. Teichmann*, 10 Mo. App. 257.

*Judson & Reyburn* and *R. H. Norton*, for the respondent.

There is clearly no error in this record. The issue made by the pleadings was simply whether the money in defendant's hands was recoverable by the executor as part of the estate, or whether it had been transferred by an executed gift prior to decedent's decease. Upon this issue it was wholly immaterial what disposition was made of the property of the deceased by his will, and *a fortiori* it was immaterial what disposition he had intended making in the revoked will, or what he had formerly intended to do with the money. *Priest v. Way*, 87 Mo. 16; 1 Woerner on Amer. Law of Adm'n, p. 116. The gift in the case at bar was valid.

It had all the requisites of a gift *causa mortis*. *Shackelford v. Brown*, 89 Mo. 546 ; *Trorlicht v. Weizenecker*, 1 Mo. App. 482.

ROMBAUER, P. J., delivered the opinion of the court.

The petition charges the defendant with having received nine hundred dollars on deposit from plaintiff's decedent, for which he refused to account to the plaintiff, the decedent's lawful executor.. The answer admits the receipt of the nine hundred dollars, but denies that it was a deposit as stated in the petition. The answer further states that the decedent, shortly before his death, and in view of his speedy dissolution, being desirous of making a gift to his two minor children, delivered the money to the defendant, in trust for such children and with instructions to loan it out in a certain manner ; that the defendant thereupon did loan out the money as then requested, and holds the note of the borrower for the same. The answer was denied by reply, the cause was tried by the court without a jury, and no declarations of law were asked or given. The court upon the evidence rendered a judgment for the defendant.

The plaintiff complains that the court would not permit him to prove what a former will of the decedent contained, which will is admitted to have been canceled, nor what the last will of the decedent does contain, which will is preserved in the record ; also that the court would not permit him to prove that the decedent on former occasions wanted a different disposition to be made of the money. It is not conceivable on what theory the plaintiff claims any of this evidence to be admissible under the pleadings, which raise the sole issue, whether the nine hundred dollars delivered to the defendant was a simple deposit, or was a gift in anticipation of death. The pleadings raise no issue of undue. influence, even if such issue could have been raised in this form of action.

There is no controversy in the evidence. The only witnesses to the transaction are the decedent's two children, one of whom testified for the plaintiff, and the other for the defendant. They concur in stating that, shortly before his death, the decedent sent for the defendant, who is a priest, and had a conference with him; that, when the conference was ended, they were called in, and their father told them that he was going to give to the defendant nine hundred dollars to loan out for them, and that the money was thereupon counted, and taken possession of by the defendant. A nephew of the decedent testified that the decedent told him that he had given the defendant the money to loan out for the benefit of his children, stating the rate of interest. There is absolutely no controversy touching the fact that the decedent made the gift in contemplation of death, and that he died shortly thereafter, and that the gift was consummated by delivery. Under the decisions of *Shackelford v. Brown*, 89 Mo. 546, and *Trorlicht v. Weizenecker*, 1 Mo. App. 482, the judgment of the court on the conceded facts is correct, and the record brought here presents nothing for review.

Judgment affirmed. All concur.