Parker C. J.
It is conceded by the counsel for the plaintiff, that the confession of the administrator who is plain *393 tiff in this action, was competent evidence ; and we think he is justified in such concession, for we do not find any case in which evidence of that kind has been rejected.
We are to consider then, that the defendant offered to prove that the plaintiff had admitted that the consideration of the note in suit was a former note given by the defendant’s intestate, which note, according to other testimony in the case, was given to the plaintiff’s intestate by Eli Bullard her brother, because she had not received so much of her father’s estate as her brothers had, and that her other brothers had each given her a similar note for the same cause. If we are to consider this a mere act of generosity on the part of the brothers, they not being indebted or in any manner obliged to pay any thing to their sister, they having a perfect and undisputed right to the portion of the estate given them b) their father, then it would follow that the note first given was without consideration, and so not recoverable. The case as reported is not explicit on this point. It may be, for aught appearing to the contrary, that the will of the father was disputed by the plaintiff’s intestate, and that she intended to contest the probate of it, and that to induce her to withdraw her objections, these notes were given. If such were the facts, they would constitute a sufficient consideration and the notes could not be avoided If the plaintiff is able to make out a case of the kind, on a new trial, he will have opportunity. But as the case now appears, we cannot think the default ought to stand, for it would seem that the only consideration for the note in suit was the preexisting note, which was wholly without a consideration sufficient to sustain an action ; and we cannot see that the plaintiff’s case is strengthened by the supervention of a second note.
We cannot consider the giving of the first note as a payment of the sum for which it was given, and the second note as therefore founded on a consideration as for money lent.
A negotiable promissory note given for a' debt is with us evidence of payment of the debt[1], but where there was no previous debt or diuand, the note given is nudum pactum.
*394 In coming to this conclusion we undoubtedly overrule some of the expressions in the opinion, as reported, in the case ol Bowers v. Hurd, 10 Mass. R. 427, [see Rand’s edit. 430, n. a] ; though the case itself was rightly decided upon other principles. It is in that opinion stated, that to a promissory note, in which value is acknowledged to have been received, it cannot be objected in defence, between the original parties, that there was no existing consideration when the promise was made, though it would be competent to show that the consideration had failed or that it was illegal. But further opportunity to examine the cases has convinced us, that the opinion so expressed is untenable ; there being cases in the English and other books, which are. cases clearly of defence founded upon no consideration, rather than a failure of one once existing.[2] This, though contrary to the usual principle of holding a party to his acknowledgment, must be considered as the law, and we cannot depart from it, however disingenuous such defences generally appear to be.

Default taken off and new trial granted.

 See Whitcomb v. Williams, 4 Pick (2d ed.) 231, n. 1; Chapman v. Durant, 10 Mass. R. (Rand’s ed.) 51, n. a.

 Parish v. Stone, 14 Pick. 198; Amherst Academy v. Cowls, 6 Pick. 432, Copp v. Sawyer, 6 N. Hamp. R. 386; Horn v. Fuller, id. 512; Lawrence v. Stonington Bank, 6 Connect. R. 52; Slade v. Halsted, 7 Cowen, 322; Croupy v. Dufau, 13 Martin’s (Louis.) R. 90; Russell v. Hall, 2 id. 558; Rogers v. Waters, 2 Gill & Johns. 64; Bayley on Bills, (Phil, and Sewall’s 2d ed.) 531, et seq., notes; 3 Kent’s Comm. (3d ed.) 80.
There is no difference between a failure and a want of consideration, either may be given in evidence against the payee or an indorsee with notice Le Blanc v. Sanglair, 12 Martin’s (Louis.) R. 402.