The Meridian National Bank *et al. v.* Hauser, Treasurer, etc.

---

# THE MERIDIAN NATIONAL BANK ET AL. *v.* HAUSER, TREASURER, ETC.

[No. 17,122. Filed January 21, 1896. Motion to modify overruled June 19, 1896.]

TREASURER OF INSANE HOSPITAL BOARD.—*Parties.*—*Trustee of Express Trust.*—Payment is made to the treasurer of the board of trustees of the Central Hospital for the Insane by the Treasurer of State, upon an order issued by the Auditor of State, which order is based upon an itemized statement of specific claims allowed by said board of trustees. The money so paid to such treasurer is to be applied to the payment of such claims as designated, and until so applied may be deposited in bank and checks issued in favor of the claimants individually, or such treasurer may check same out to himself and pay the same to the proper parties, and the successor of such treasurer may maintain a suit for the recovery of the funds so deposited without joining with him the persons for whose benefit the suit is brought, such successor being the trustee of an express trust.

SAME.—*Assignment of Bank Deposits.*—It is not necessary for the treasurer of the board of trustees of the Central Hospital for the In-

sane to make an assignment of funds deposited in bank by him as such treasurer to his successor in office, in order to authorize his successor to maintain a suit for the recovery of the amount so deposited, as such deposits vest in him by virtue of his succession to such office.

SAME.—In an action for the recovery of money deposited in bank by the treasurer of the board of trustees of an insane hospital it was no defense to the action that the preceding treasurer had given checks on the bank to the persons on whose claims he had collected from the State Treasurer the amount on deposit, the bank having refused to pay such checks.

ASSIGNMENT OF ERRORS IN SUPERIOR COURT.—*Amendment on Appeal to General Term.*—Where on appeal to the general term of the superior court, the assignment of errors did not contain the name of one of the parties plaintiff, it was not error on motion to dismiss such appeal on account of such omission, to allow the assignment of errors to be amended by inserting the name omitted.

From the Marion Superior Court. *Affirmed.*

*A. C. Harris* and *L. Cox,* for appellants.

*W. A. Ketcham,* Attorney-General, *F. T. Edenharter,* and *H. N. Spaan,* for appellee.

MONKS, J.—This action was brought by appellee, Hauser, as treasurer of the board of trustees of the Central Hospital for the Insane, against appellant, the Meridian National Bank, and one Philip M. Gapen, formerly treasurer of said board of trustees, who was made a party defendant to answer as to his interest.

The superior court, in special term, sustained the demurrer of the Meridian National Bank to each paragraph of the amended and supplemental complaint. Hauser, the plaintiff in the court below, appealed to the general term of the superior court, where the decision of the special term was reversed, with instructions to overrule the demurrer to each paragraph of the amended and supplemental complaint. From this decision the Meridian National Bank appealed to this court.

The first of said paragraphs of the amended, substituted and supplemental complaint alleges that for a long time prior to the 20th day of February, 1889, Philip M. Gapen had been a member of said board of trustees and treasurer thereof, duly elected and qualified; that as such treasurer he, from time to time, received from the Treasurer of State large sums of money with which to pay claims for supplies and services against said board, and that these moneys were from time to time deposited with said bank, and from time to time checked out by said treasurer, and that up to said 20th day of February, 1889, his checks as such treasurer had always been promptly honored; that on said day there was due said Gapen, as such treasurer, a balance of $3,043.66 of the moneys so deposited by him, and that there was due to divers and sundry parties, for work and labor done and materials furnished said board, a like sum of $3,043.66, and that in order to pay said claims said Gapen, as such treasurer, drew his check, payable to his order as such treasurer, for said sum of $3,043.66, but that said bank wholly failed and refused to pay the same; that immediately thereafter said Gapen, as such treasurer, brought a suit against said bank to recover said sum of $3,043.66, to which said bank appeared and filed answer; that on the first day of March, 1889, said Hauser was by the general assembly elected one of the trustees for said Central Hospital, and was thereafter by said board duly elected treasurer thereof, as said Gapen's successor, and that he qualified, gave bond and entered upon the discharge of his duties as such treasurer, and has ever since continued therein; that, on the 26th day of January, 1891, on motion of the Attorney-General of the State, said Hauser was substituted as plaintiff in the place and stead of said

Gapen, all parties to the suit being present and none of them making objection to such substitution.

The second of said paragraphs is the same as the first, except that it sets up in addition a formal written assignment of the cause of action from Gapen to Hauser, treasurer, a copy of which assignment is filed therewith.

The third of said paragraphs is the same as the second, except that it avers in addition that said Gapen, treasurer, prior to drawing and presenting a check to his order, as such treasurer, for said $3,043.66, "as such treasurer, had drawn and issued to said parties, in whose favor such allowances had been made by said board of trustees, his checks upon said Meridian National Bank for the respective allowances so made, and had delivered the same to the said several parties, amounting in the aggregate to said $3,043.66, and said parties had presented the same to said Meridian National Bank and had demanded payment thereof, but such payment had been refused upon each and every of said last named checks, and thereupon the said Gapen, as such treasurer, drew his check payable to his order, as such treasurer, and properly endorsed," etc., which was likewise refused.

The demurrer to each paragraph stated two grounds of objection.

1.  That the plaintiff has not legal capacity to sue.

2.  That said paragraph does not state facts sufficient to constitute a cause of action.

Appellant's contention is that appellee had no right to maintain this action; that the persons for the payment of whose claims Gapen, the former treasurer, had received the money from the State, were the real parties in interest, and they only could maintain an action for the money.

Appellee's contention is that the treasurer of the

board of trustees is the trustee of an express trust, and as such can maintain this action.

Sections 2768-2782, R. S. 1881, being the act of March 6, 1879, governed the board of trustees of the hospital for the insane, until the passage of the act of February 21, 1883, Elliott's Supp. p. 132, sections 455-9. By this act, sections 2768, 2769, R. S. 1881, were repealed, but the remainder of the act of 1879 remained in full force. It was provided in section 2770, R. S. 1881 (section 3010, R. S. 1894), that the trustees and the president of the board should each give a bond, payable to the State, that they should organize by electing one of their number treasurer, one as secretary, and one as president.

Section 3012, R. S. 1894 (2772, R. S. 1881), provides that the trustees shall hold a meeting at about the close of each month, for the purpose of consultation and the transaction of current and incidental business, and "keep a record of these proceedings, and all money received and paid out, and all orders drawn or paid. That no money shall be paid out or expended except upon an itemized bill first presented and allowed by the board. Such bill shall be signed and sworn to by the claimant, and such payment shall be made by an order signed by the president and drawn upon the treasurer of the institution, payable ten days from the drawing thereof."

Section 3013, R. S. 1894 (2772, R. S. 1881), provides that "the treasurer shall, from time to time, before such orders become due, present to the Auditor of State a statement of all orders drawn and then unpaid, giving the date and number and amount of each order, and the person to whom payable, which shall be signed and sworn to by the treasurer and certified to by the president of the boards; and the Auditor of State shall thereupon draw an order for the amount,

in favor of such treasurer, upon the Treasurer of State, who shall pay the amount out of any money in his hands subject to such payment. The Auditor of State shall open and keep an account with the treasurer of each of said institutions, and shall charge him with the orders so drawn upon the State Treasurer. The treasurer of said institutions shall, at the close of each month, return to the Auditor of State an itemized statement of the orders paid by him, and the amounts thereof, signed and sworn to as being correct, and, with such statement, shall return to the auditor the orders so paid; the Auditor of State shall thereupon credit the said treasurer with the amount so paid out by him, and shall carefully preserve all such orders and statements."

It is clear, from the sections quoted, that no money can be paid to the treasurer of the board of trustees of an insane hospital out of the State treasury until the hospital has actually received supplies or service, and the same has been allowed by the board of trustees and orders drawn on the treasurer of the board therefor, as required in sections 2772, 2773 (3012, 3013), *supra*. It is only when the provisions of said sections have been complied with that the Auditor of State is authorized to draw an order on the State Treasurer in favor of the treasurer of the board.

The board allows the claims for support and services when itemized and signed and sworn to by the claimant; and when a claim is allowed an order is drawn upon the treasurer of the board for the amount payable in ten days. Before the ten days expires, it is the duty of the treasurer to present a statement of the orders drawn and unpaid and giving dates, number and amount of each order, and for what drawn, and the person to whom payable, signed and sworn to by the treasurer and certified to by the president

of the board. The Auditor of State, to the extent said orders are correct and a proper charge against the State, draws a warrant in favor of such treasurer on the Treasurer of State, who pays the amount thereof to the treasurer of the board.

This money is received by the treasurer of the board for the payment of the orders reported by him to the Auditor of State, and can be used by him for no other or different purpose. If he does use the same for any other or different purpose, he is guilty of embezzlement. Sections 1942, 1952, R. S. 1881 (sections 2019, 2030, R. S. 1894). Depositing the money in a bank in his name as treasurer of the board, subject to check by him as such treasurer, was not embezzlement, nor the violation of any law. The indebtedness of the State, however, was not discharged by the payment to the treasurer of the board. Such obligation was only discharged when the treasurer of the board paid the orders for the payment of which he received the money.

The money so paid to the treasurer of the board was to be applied to the payment of specific claims, designated and pointed out in his statement to the Auditor of State. Until so applied he had the right to the possession thereof, and was charged with diligence and good faith in the disbursement of the same to the persons for the payment of whose claims he had received the money. If the money was deposited in a bank, he could, as such treasurer, give checks to the persons, or check the money out to himself and pay the same to the proper person or persons. It would be the duty of the bank having such deposit to pay such checks, and any failure so to do would be a breach of the implied agreement upon which such deposits were made. When the treasurer of the board of trustees of the insane hospital in this State, as such treasurer, de-

posits money in a bank, such bank is bound to know that the same is not his money, and that such deposit creates no indebtedness to such treasurer as an individual, but to him in his official or fiduciary character, and that such treasurer has no right or authority to use said money for any other purpose, or in any other way, than the payment of the identical claims reported by him to the Auditor of State.

The treasurer of the board gives a bond for the faithful performance of his duties; among those duties is that of disbursing the money received by him to the proper persons. He was entitled to the possession of the money that he might perform that duty. If he was entitled to the possession, that he might properly disburse the money, then he had the right to maintain an action against any person or corporation with whom he had deposited the same, in order that he might execute his trust, that is, pay the claims for the payment of which it was received, and return to the State the amount of any such claims as the State may have subsequently paid.

It is clear, we think, that if Gapen, the outgoing treasurer of the board, had converted the money to his own use, and refused to pay the same to his successor, Hauser, that such successor would have been the proper relator in a suit on his bond to recover the amount thereof. *Hiatt* v. *State, ex rel.,* 110 Ind. 472, and cases cited; *State, ex rel.,* v. *Wilson, et al.,* 113 Ind. 501, and cases cited.

It necessarily follows, that if Hauser, as such treasurer, would have been the proper relator in such an action, then he was a proper party plaintiff in an action to recover the trust funds deposited in the bank. He had the right, and it was his duty, to recover the funds from any person who might have received the same, so that he could pay the specific

claims against the State, for which the money had been paid to his predecessor, and repay to the State such claims, if any, as the State may subsequently have paid. He was the trustee of an express trust, and as such could maintain the action under the provisions of section 252, R. S. 1881 (section 252, R. S. 1894).

In *State, ex rel.,* v. *Wilson et al., supra,* 503, this court held that a township trustee was the trustee of an express trust, and that either the township or the trustee was a proper relator in an action on the bond of a former trustee of the township. Certainly no one would claim, in case of the death or resignation of a township trustee that his successor should be appointed by the court under sections 2978, 2996, R. S. 1881 (sections 3400, 3418, R. S. 1894).

It is urged that the second paragraph is not sufficient for the reason that the written assignment of the cause of action from Gapen to Hauser, referred to and made a part of said paragraph, was never filed, and is not set out in the record. This action was not brought to recover on the assignment. The assignment of the cause of action stated by Gapen to Hauser was not necessary. The right to receive and pay out the amount of money on deposit to the persons for whom it was received was not personal to Gapen, but belonged to the treasurer of the board, and when Gapen's term of office expired the same passed to his successor and became vested in him. An assignment of the same was therefore unnecessary. But if an assignment were necessary, it was not essential that the same be filed with or made a part of the complaint. *Fordyce* v. *Nelson,* 91 Ind. 447, and cases cited; *Keith* v. *Champer,* 69 Ind. 477; *Treadway* v. *Cobb,* 18 Ind. 36; Thornton's Practice Code, note 2 to section 362.

The third paragraph alleges that Gapen had given

each claimant a check on the bank for the amount of his claim and that payment thereof had been refused by the bank. This would not deprive appellee or his predecessor of the right to maintain this action. The fact that Gapen had issued checks against said fund, as alleged, could not be set up as a defense by said appellant after its refusal to pay the same. Appellee's duty is to collect the amount and pay the same to the proper parties. Appellant bank can protect itself if necessary by taking the proper steps and paying the amount, principal and interest, due on the claim sued upon into court, under the provisions of section 273, R. S. 1881 (section 274, R. S. 1894).

We think each paragraph of the complaint was sufficient to withstand the demurrer. As bearing upon the questions in this case, we cite *Van Alen* v. *American Nat. Bank*, 52 N. Y. 1; *Harrison, Rec.,* v. *Wright,* 100 Ind. 515, and cases cited, 50 Am. Rep. 805; *Weaver* v. *Trustees,* 28 Ind. 112, 120; *Milbank* v. *Jones,* 127 N. Y. 370; *Dix* v. *Akers,* 30 Ind. 431; *Com's of Sinking Fund* v. *Walker et al.,* 6 How. (Miss.) 143, 38 Am. Dec. 433; *Rinker* v. *Bissell, Trus.,* 90 Ind. 375; Pomeroy's Remedies, sections 172, 174.

The assignment of errors in the general term of the superior court did not contain the name of Gapen. Appellant bank moved the superior court in general term to dismiss the appeal for that reason, which motion was overruled, and appellee was permitted to, and did, amend the assignment of errors by inserting Gapen's name as an appellee. We think there was no error in this action of the court. It has been held by this court that appeals to the general term of the superior court are governed by the statutes concerning appeals to this court, but not that they are governed by the rules of this court. There is no statute concerning appeals to this court violated by any

action or ruling of the general term. Neither is it shown that any rule of the general term was disregarded or set at naught.

The general term of the superior court did not err in reversing the judgment of the special term, with instructions to overrule the demurrer of the Meridian National Bank to each paragraph of the amended and supplemental complaint. There is no available error in the record.

The judgment of the general term is affirmed, with instructions to the special term of the superior court to overrule the demurrer of the Meridian National Bank to each paragraph of the amended and supplemental complaint, in compliance with the judgment of the general term.