## RONEY, ADMINISTRATOR, v. DUNLEARY.

[No. 5,888.    Filed November 27, 1906.]

BANKS AND BANKING.—*Checks.*—*Gifts of.*—*Collection.*—*Consideration.*—*Decedents' Estates.*—A bank check given, without consideration, as a present to a servant, is not enforceable either against the bank on which drawn or against the drawer or his estate, such check being insufficient to constitute a gift of a fund *inter vivos* or *causa mortis.*

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Claim by Mary Dunleary against William H. Roney, as administrator of the estate of Patrick Mehan, deceased. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Shirts & Fertig, R. P. Neal* and *M. T. Shiel,* for appellant.

*Roberts & Vestal,* for appellee.

BLACK, J.—The claim of the appellee against the appellant as administrator of the estate of Patrick Mehan, deceased, contained two paragraphs, the first of which was based upon a written promise to pay the appellee $2.50 each week, from a date stated, as long as she remained in his service; and in the second paragraph the claimant sought to recover upon a check given by the decedent upon a certain bank, which, upon presentation, the bank refused to pay, the check being as follows:

"Cicero, Indiana, April 9, 1904.
The Cicero Bank.
    Pay to the order of Mary Dunleary $1,000.
                                        Pat Mehan."

Without the filing of an answer the cause was tried by jury, and a general verdict in favor of the appellee for $1,271.75 was returned, with special findings in answer to interrogatories. The appellant moved that the court give judgment in favor of the claimant for the sum of $198.75

and costs, with interest thereon from the date of the return of the verdict, upon the special finding of facts returned by the jury in answer to interrogatories and notwithstanding the general verdict, and because said special findings were inconsistent with the general verdict, and according to said special findings the claimant was entitled to judgment for that sum and no more. The court overruled this motion, and rendered judgment in favor of the appellee for the full amount of the general verdict.

By the answers to interrogatories the jury specially found, in substance: That the appellee accepted employment by the decedent May 4, 1902, to work for him at his home in Hamilton county, and the decedent executed the written agreement mentioned in the first paragraph of claim, by the terms of which he agreed to pay her $2.50 per week as long as she remained in his service, the agreement not specifying any particular kind of service. She continued to work for him under the terms of that agreement from that date until his death. The decedent made partial payments to her for her services under this agreement, and the jury specially found that there was due the claimant from the decedent at the time of his death, for services rendered under this agreement, the sum of $198.75, and that on April 9, 1904, he was indebted to her in the sum of $1,187.50, in consideration of labor, love, and affection. April 9, 1904, the decedent signed a check payable to the claimant and drawn on the Cicero bank for $1,000, which check was then delivered to the claimant. He at that time intended that she should collect this check and receive said sum of $1,000. He had sufficient mental capacity to transact business. E. G. Dunn afterward, and before the death of the decedent, cashed this check at a bank at Elwood. The check was presented for payment to the Cicero bank during the lifetime of the decedent, by a correspondent bank at Indianapolis. When it was so presented to the Cicero bank, payment

thereof was refused.    The decedent at all times had suffi-
cient funds in the Cicero bank to pay the check.    "What
money or thing of value did the decedent receive from said
Mary Dunleary, or from any other person on her account,
as    a    consideration    for    the    execution    of    said    check?
A.    Faithful service."    It was found that the decedent did
not intend by means of this check to pay the claimant for
any    balance    due    her    for    services    rendered    under    said
written agreement; that he did intend by the check to make
a gift or advancement to her out of his estate, in considera-
tion of love and affection for her.    "Was said check given
in part as a gift or advancement to said Mary Dunleary by
said Patrick Mehan?    A.    All as a gift.    If you find that
said check was given in part as a gift or advancement, and
in part for a legal and valuable consideration, state what
part or portion was a gift or advancement.    A.    All as a
gift.    If you find that said check was given in part for any
debt due or owing from said decedent to said Mary Dun-
leary, state the amount of such indebtedness.    A.    Not
given for indebtedness.    If you find that said check was
given in part for any other valuable consideration, state what
consideration, and the amount thereof.    A.    Simply a gift.
If you find for the claimant, state what amount you find
or assess as due her under said written agreement for
services at $2.50 per week.    A.    $198.75.    If you find for
the claimant, state what amount, if any, you find and assess
as due her upon said check of $1,000.    A.    $1,073."

It is manifest that in the amount of the general verdict
—$1,271.75—was included the sum of $198.75, which the
jury assessed as being the amount due the claimant at the
date of the verdict upon the written contract declared upon
in the first paragraph of claim, and the sum of $1,073,
which the jury assessed as then due upon the check, on
which the second paragraph of claim was based.    If, there-
fore, the claimant was not entitled under the special find-
ings of the jury to judgment for any amount under her

second paragraph of claim, she, content with the action of the jury, would be entitled to judgment for no more than was indicated in the appellant's motion. It is manifest that the jury specially found, without any substantial contradiction, that the check in suit was given by the intestate without any valuable consideration, and simply as a gift. The check was presented for payment to the bank on which it was drawn, and payment was refused by the bank during the lifetime of the intestate. The writing so delivered to the claimant by the intestate was a bank check, properly so called, and contained nothing that could be construed as an assignment of a fund or of any part of a fund, or of any chose in action. Its execution was not sufficient to constitute a gift *inter vivos,* or *causa mortis,* and its presentation for payment in the lifetime of the drawer, with the bank's refusal of payment, did not change its character in this regard. No right of action under it on behalf of the payee or holder could be maintained against the bank; and, being without a valuable consideration, it could not constitute the foundation of an action against the drawer in his lifetime or of a claim against his estate. The questions here involved were so fully considered and discussed in *Harrison* v. *Wright* (1885), 100 Ind. 515, 50 Am. Rep. 805, and *Jacobs* v. *Jolley* (1902), 29 Ind. App. 25, that it will suffice to refer to those cases in support of our conclusion. See, also, *Burrows* v. *State* (1894), 137 Ind. 474, 477, 45 Am. St. 210; *Meridian Nat. Bank* v. *Hauser* (1896), 145 Ind. 496, 505; *Sutton* v. *Baldwin* (1896), 146 Ind. 361; *Union Nat. Bank* v. *Citizens Bank* (1899), 153 Ind. 44; *Union, etc., Trust Co.* v. *Indianapolis Lounge Co.* (1898), 20 Ind. App. 325.

Judgment reversed, and cause remanded, with instruction to sustain the appellant's motion for judgment.