## ZEHNER, TRUSTEE, v. ZEHNER'S ESTATE.

[No. 10,573.    Filed December 14, 1920.]

1. BILLS AND NOTES.—*Bank Check.*—*Action to Collect.*—*Complaint.*—*Construction.*—*Delivery of Check as Gift.*—In an action on a claim against a decedent's estate by one who received a check from decedent as trustee for another, *held* that the facts alleged show that the check was delivered as a gift. p. 335.

2. GIFTS.—*Bank Check.*—*Liability of Maker.*—No action can be maintained on a check delivered as a gift against the maker in his lifetime, nor against his estate after his death. p. 335.

From Marshall Circuit Court; *Smith N. Stevens,* Judge.

Action by Ben Zehner, trustee for Reo Zehner and others, on a claim against the estate of Michael Zehner, deceased. From a judgment for the estate, the claimant appeals. *Affirmed.*

*Martindale & Martindale,* for appellant.
*Charles Kellison,* for appellee.

McMAHAN, C. J.—"Benjamin Zehner, trustee," filed a claim against the estate of Michael Zehner, alleging that on April 4, 1917, the decedent executed a check for $3,000 payable to the order of "Ben Zehner," and that when the check was so executed the decedent also delivered to said Ben Zehner a letter dated February 10, 1911, signed by decedent, instructing the payee named in said check to use said $3,000 to educate his son Reo, and if any money remained after paying for the schooling of Reo it should be divided between Reo and the other children of the payee, thus creating a trust in the

payee. That during the lifetime of Michael, the payee presented the check to the bank on which it was drawn for payment, and that payment was refused on account of "insufficient funds" to pay the same. A copy of the letter was filed with and made an exhibit to the claim and, omitting the date and signature, is as follows:

> "I promised Reo F. Zehner as a gift the amount of $3000.00 at the time he graduated through the country school to finish and fit up his education through the high schools. Ben Zehner shall take charge of the money. Surplus left to be divided amongst Reo's brothers and sisters."

A demurrer for want of facts having been sustained, appellant appeals, and contends that the court erred in sustaining the demurrer.

Appellee contends that the execution of the check did not operate as an assignment of any part of the funds of the maker in the hands of the bank, and that the check, not having been paid during the lifetime of the maker, was revoked by his death. Appellant insists that the complaint must be construed in light of §24 of the Uniform Negotiable Instruments Act (§9089a *et seq.* Burns 1914, Acts 1913 p. 120) which provides that: "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration," and, there being no direct allegation that the check was delivered as a gift, the check must be considered as having been delivered for a valuable consideration and not as a gift.

While there is no direct allegation that the check was delivered as a gift, the facts are alleged and show conclusively that it was delivered as a gift. No action could have been maintained on the check against the maker in his lifetime, nor can one be maintained against his estate after his death. *Roney* v. *Dunleary* (1906), 39 Ind. App. 108, 79 N. E. 398; *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 103 N. E.

869. The cases cited by the appellant to the contrary are not in point, as the checks there involved were not gifts, but were each given for a valuable consideration.

There was no error in sustaining the demurrer. Judgment affirmed.