GALBRAITH *v.* GALBRAITH ET AL.

[No. 15,202. Filed January 22, 1935.]

*John E. Osborn, William H. Dobbins, Joseph W. Verbarg, Malcolm B. Routt,* and *Ira B. Hamilton,* for appellant.

*Baker, Richman & Sharpnack,* for appellees.

WOOD, J.—During his lifetime, Arthur D. Galbraith was the owner and payee of three certain promissory notes, to wit: one note dated May 13, 1913, due and payable two years after date; one note dated December 31, 1915, due and payable one year after date, and one note dated April 23, 1905, due and payable one day

after date. By his written indorsement on the back thereof in words and figures substantially as follows: "July 2, 1920, I assign the within note to A. H. Galbraith. A. D. Galbraith," he assigned each of said notes to his son, the appellant herein. The makers of these respective notes failed to pay them. Arthur D. Galbraith died testate January 18, 1930. Appellees are the executors of his last will and testament.

The appellant filed two claims against the estate of appellees' decedent, seeking to recover upon the written indorsement placed upon each of said notes by the decedent while in life. These claims were consolidated in the trial court, and they are so treated on this appeal. One of the claims contained one paragraph, founded upon the indorsement on the note dated May 13, 1913, while the other claim contained two paragraphs founded upon the indorsements on the notes dated December 31, 1915, and April 23, 1905, respectively. To each paragraph of these respective claims, the appellees filed a separate second paragraph of answer admitting the assignment of the note, by written indorsement, as therein alleged, but averring that the assignment and indorsement were made without any consideration. Appellees also filed a separate amended third paragraph of answer to each paragraph of the claims, alleging in substance, that the appellant's cause of action did not accrue within ten years prior to the death of Arthur D. Galbraith, and did not accrue within ten years prior to filing the claim; that the first note had been due since May 13, 1915; the second since December 31, 1916, and the third since April 24, 1905; that no payments or credits had been made upon any of them; that Arthur D. Galbraith was alleged to have assigned each of said notes to appellant by written indorsement; that Arthur D. Galbraith died January 18, 1930; that appellant's claims were not filed within eighteen months after the

death of Arthur D. Galbraith, and were not filed until January 29, 1932.

To each separate second paragraph of appellees' answer, the appellant filed a second separate paragraph of reply in which he alleged that the assignment of the note, therein referred to, with the written indorsement thereon, which formed the basis of the claim, was a gift from Arthur D. Galbraith to appellant.

Appellant also filed a third separate paragraph of reply to said second paragraph of answer in which he alleged that the assignment of the note therein referred to, together with the written indorsement thereon, which formed the basis of the claim, in each instance was made in consideration of love and affection which Arthur D. Galbraith had for appellant.

To each separate amended third paragraph of appellees' answer, appellant filed a second separate paragraph of reply, in which he alleged in substance, that on July 25, 1928, and within ten years before the filing of appellant's claim, Arthur D. Galbraith, in a written communication addressed to appellant, acknowledged his liability on the notes sued upon, and agreed and promised to pay the same in full. The written communication is copied into and made a part of the paragraph of reply and reads as follows:

"Burney, Indiana, July 25, 1928.

"Harold Galbraith those notes you have Carl Dorsey note dated May 13, 1913, principal sum of $2661 Al Swaim note dated Dec. 31, 1915 principal sum of $500 Joe Ramer note dated Apr. 23, 1905 principal sum of $235 that I gave you and charged them against you in my last will as advancements knowing that you have tried to collect them off of the principals of the notes and failed and as I am endorser on them to you that makes them a just debt from me to you which I now and hereby acknowledge. Therefore I hereby promise and agree to pay you said notes with interest in full. I saved Walters home and was turned out and you and

Neva have always welcomed me in your home I want you and Neva to let this farm go and I want you to have your old home place for a home pumphrey farm.

Your father,

A. D. GALBRAITH."

To these several paragraphs of reply the appellee addressed a separate and several demurrer on the ground that the facts stated in each of said separate paragraphs of reply were not sufficient to avoid the paragraph of answer to which they were directed, filing memoranda in support thereof alleging: first, that the consideration sought to be shown was a good consideration as distinguished from a valuable consideration and was not sufficient to support an executory contract or promise; second, that the writing set out was an executory promise not shown to be founded on a consideration sufficient to bind the decedent's estate; third, that the writing set out was not sufficient to constitute a new promise as against a claim barred by the statute of limitations; fourth, that the writing set out in said paragraph of reply pleaded as a waiver or new promise to avoid the statute of limitations, was only a waiver of an executory promise, contract, note and indorsement, when the original contract, note, and indorsement would not have been binding against said estate, if not barred by the statute of limitations; that said replies alleged an executory promise without valuable consideration to make good an executory promise, the indorsement, which was without valuable consideration; fifth, that if the writing set out in the replies was intended to be the basis of appellant's claim in lieu of the note on which the claim was originally filed then it was a departure from the original cause of action; and sixth, that the writing set out in the paragraphs of reply was not sufficient to constitute a gift *causa mortis* or *inter vivos,* did not amount to a testamentary disposition, nor a change in the decedent's will.

The demurrer was sustained to the several paragraphs of reply. Appellant elected to stand upon the ruling on the demurrer, refused to plead further. Judgment was accordingly rendered against him upon the pleadings which we have heretofore summarized, that he take nothing by his action. He appeals to this court, assigning as error for reversal this ruling of the court on appellees' demurrer.

The record, as it comes to us, presents two controlling questions. First: is the estate of the owner and payee of a promissory note, who, previous to his death, ██ for the purpose of making a voluntary gift, without any consideration other than love and affection for the donee, indorsed the same in writing on the back thereof, and delivered it to the donee, liable to said donee upon the decedent's indorsement, on failure of the maker of the note to pay and discharge the same pursuant to the terms thereof? Second: if after having indorsed and delivered the note as above set out, the maker fails to pay and discharge it pursuant to its terms, and the ten-year statute of limitations has run against the note, and thereafter during his lifetime, the decedent without any consideration, other than that supporting the original indorsement of the note, executes and delivers to the donee his written promise and agreement to pay such note, can such written promise and agreement be enforced against the decedent's estate by the donee?

These questions are so interwoven that we will consider them together. In the case of *West* v. *Cavins* (1881), 74 Ind. 265, where our Supreme Court was considering the right to enforce an executory contract based upon other than a valuable consideration, it said, p. 274: "While natural love and affection is a good consideration for a deed, or for any executed contract, as between the parties thereto, it is not so for an executory contract; and so where a father gave one of his

sons a note for a thousand dollars, remarking that he had met with losses and was not as wealthy as his brother, it was held that an action could not be maintained on the note against his father's executor. *Fink* v. *Cox*, 18 Johns. 145. It was there said, that, 'In such a case, the consideration must be a valuable one, for the benefit of the promisor, or to the trouble, loss, or prejudice of the promisee. The note here manifested a mere intention to give the one thousand dollars. It was executory, and the promisor had a *locus poenitentice*. It was an engagement to give and not a gift.' This doctrine is elementary." Citing many authorities in support of its statement of the law. Continuing its opinion the court said: "These authorities show that such notes cannot be upheld, either as gifts *inter vivos* or *causa mortis*, and it need hardly be stated that they cannot be valid as testamentary dispositions."

The rule of law as thus set forth has been frequently followed by our Supreme and Appellate Courts. *The Gammon Theological Seminary* v. *Robbins* (1890), 128 Ind. 85, 27 N. E. 341, 12 L. R. A. 506; *Roney* v. *Dunleary* (1906), 39 Ind. App. 108, 79 N. E. 398; *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 103 N. E. 869; *Bowers* v. *Alexandria Bank* (1921), 75 Ind. App. 345, 130 N. E. 808; *Zehner* v. *Zehner* (1920), 74 Ind. App. 334, 129 N. E. 244. See also 3 R. C. L. p. 937, sec. 133.

Appellant's second and third paragraphs of reply to appellee's second paragraph of answer contain averments that the notes were assigned by written indorsement of the decedent as a gift or in consideration of love and affection, bringing them clearly within the rule announced in the above cases. But the appellant says the written agreement signed by the decedent and delivered to appellant in which he promised and agreed to pay the notes, as alleged in the second paragraph of reply to appellee's amended third paragraph of answer,

constitutes a complete avoidance of the facts set out in said paragraph of answer to which it is directed. Appellant's position is not tenable. This written agreement and promise signed by the decedent, as indicated by the instrument itself, was based upon no other or different consideration than the original indorsement of the notes, "it would seem that the only consideration for the note in suit was the pre-existing note, which was wholly without a consideration sufficient to sustain an action; and we cannot see that the plaintiff's case is strengthened by the supervention of a second note." *Hill, Admr.* v. *Buckminster, Admr.* (1827), 22 Mass. (5 Pick.) 391; *Copp* v. *Sawyer* (1833), 6 N. H. 386; *Easton* v. *Pratchett* (1835), 2 C. M. R. 542, 150 Reprint. 232; 8 C. J. sec. 13, p. 241.

Appellee has called our attention to the fact, that, that part of appellant's brief setting out his points and authorities does not comply with Rule 21 of this court, in that it contains many abstract propositions of law which are devoid of any application to the alleged errors on which reversal is sought, that they are not supported by argument or authority. This contention is not without merit. We feel, however, that there has been a good faith effort to comply with the rules of this court and have considered the case on its merits.

Relying upon the authorities heretofore cited as sustaining our conclusion, we answer the above questions on which the ultimate rights of the parties in the instant case are wholly dependent in the negative. Appellant discusses other matters in his brief. We have examined them and do not think that they relate to or are of controlling influence in determination of the issues presented by the record.

Finding no error the judgment is affirmed.