## Mellier's Estate.

Argued December 3, 1935. Before FRAZER, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Robert T. McCracken,* with him *John F. Headly,* of *Montgomery & McCracken,* for appellant.

*Thomas Stokes,* with him *William Carson Bodine,* for appellee.

OPINION BY MR. JUSTICE MAXEY, January 6, 1936:

Etta Mellier, a resident of Connecticut, died on January 27, 1933. Four days prior to her death she delivered to the appellant a check bearing date January 21, 1933, in the sum of $5,000. The check was not paid for the reason that there were insufficient funds to meet it. At the audit of the account of the ancillary executor

before the judge of the Orphans' Court of Philadelphia County, a claim was made upon the check. The check was presented in evidence, and the auditing judge ruled that the burden of proof was upon the claimant to prove its consideration.

The claimant then offered evidence that at the time the check was delivered, the decedent said: "Jeannette, this is to bring the body from Asbury Park. You know what my wishes are." To this claimant replied: "I will take care of it. I will carry out your wishes." The body referred to was that of decedent's husband. The decedent wished to have that body exhumed from a cemetery in Asbury Park, N. J., and brought to West Laurel Hill Cemetery in Philadelphia, for reinterment.

Subsequently the auditing judge decided that his ruling as to where the burden of proof rested was incorrect. He so stated to counsel, and it was agreed that no further testimony would be taken and the case should be considered as though the evidence on record had been introduced to rebut the presumption of consideration arising from the check. The judge then found as a fact that the check had been given for the purpose of having the body of the decedent's husband exhumed and reinterred, and he held further that since the testimony showed the body had not been so removed, the consideration for which the check had been given failed, and the claim should be dismissed.

Exceptions were filed to the adjudication and in due course the case was argued before the court in banc. An opinion was filed in which the court said, after quoting the above conversation between the decedent and the claimant: "This conversation indicates a relation of trust or agency rather than a relation of contract. Least of all is it a contract whereby claimant is to remove the body and be paid a lump sum as compensation for doing so. The terms are too vague. This trust or agency has been sufficiently shown to rebut the presumption of consideration which is to be derived from

the face of the check, but it has not been sufficiently shown to be enforceable. . . . The claim must, therefore, fail."

We are not concerned at this stage of the proceedings as to where the burden of proof lay. It is true that "every negotiable instrument is deemed, prima facie, to have been issued for a valuable consideration." Section 24, Negotiable Instruments Law. In other words, with this check, as with a note, there is a presumption of consideration, but "presumptions are guide-posts indicating whence proof must come": Watkins v. Prudential Insurance Co., 315 Pa. 497, 504, 173 A. 644. In the instant case, proof was produced before the court and it was such as to warrant the rejection of the claim.

On no theory of contract or trust relationship can the claim be allowed. If claimant asserts the existence of a contract between her and the decedent, the answer is that the consideration failed. The body was not exhumed and reinterred by claimant. The case of Board of Foreign Missions v. Smith, 209 Pa. 361, 58 A. 689, cited by appellant, is distinguishable from the instant case as there the society began the discharge of the obligation attached to the gift by sending missionaries into a foreign field and by refraining from collecting other moneys for that field. In the instant case, the claimant suffered no detriment and did not forbear to do anything for her own benefit which but for the gift of the check she would have done. We have both want and failure of consideration.

Appellant cites as authority Royer's Est., 217 Pa. 626, 66 A. 854, as controlling. That case is likewise distinguishable from this one. There, a claim was made on a promissory note executed by the decedent on August 9, 1903, for $2,000, payable one year after date. The defense relied on was that the note was without consideration. The claim was disallowed on that ground. This court reversed the court below, holding that the executors had not sustained the burden of proof

resting upon them. In the instant case both want and failure of consideration *were* clearly shown.

The relationship between the parties, in its inception, had the appearance of one of trust or agency. If the check had been honored, there would be warrant for holding that a trust relationship had been established. This court said in Vosburgh's Est., 279 Pa. 329, 332, 123 A. 813: "Every person who receives money to be paid to another or to be applied to a particular purpose is a trustee, if so applied as well as when not so applied."

In Casey v. Casey, 146 N. Y. S. 348, decedent shortly before her death gave the defendant a sum of money with which defendant agreed to pay decedent's debts and funeral expenses and pay $500 to decedent's daughter and hold the balance for any one of decedent's children who should be sick. One of decedent's children sued the defendant to recover his share of the money held by defendant for the sick benefits on the ground that the latter was a trustee and that the trust for the sick benefits was void because it violated the New York statute suspending the power of alienation beyond the lives of two persons in being. The trial court dismissed plaintiff's bill. This was reversed and a new trial ordered by the appellate division. The court said: "It is settled law that one who accepts from a party a gift before death, upon promise to make certain disposition thereafter, is deemed to hold such property in trust for the purpose of making such disposition after the death of the testator."

In the instant case claimant never received the money the check ordered to be paid her, and the death of decedent revoked the incompleted gift in trust. The delivery of a check is not an executed gift of the money and will be revoked by the death of the drawer before actual payment (Kern's Est., 171 Pa. 55, 33 A. 129), except where the check is drawn for the exact amount in the bank, in which case it will be sustained as an equitable assignment of the fund: Taylor's Est., 154

Pa. 183, 26 A. 1061. See also Eshenbaugh's Est., 114 Pa. Superior Ct. 341, 174 A. 809.

It does not require argument to support the conclusion that the transaction between decedent and claimant was not a gift inter vivos of the sum of money called for by the check. The essentials of such a gift are enumerated in Packer v. Clemson, 269 Pa. 1, 112 A. 107, and those essentials are not present here. See also 12 R. C. L., page 934, section 10.

In Zehner v. Zehner's Estate, 74 Ind. App. 334, 129 N. E. 244, Benjamin Zehner, as trustee, filed a claim against the estate of Michael Zehner on a check for $3,000 executed by the decedent payable to the claimant. Decedent had instructed the claimant to use the $3,000 to educate the claimant's son, and the balance remaining therefrom to be divided among claimant's other children. The check was presented in decedent's lifetime and payment refused for want of sufficient funds. The claimant argued that the check must be presumed to have been delivered for valuable consideration. The executor contended that the check did not operate as an assignment of any part of a fund in the hands of the bank, and not having been paid in the decedent's lifetime was revoked by his death. This contention was sustained by the appellate court.

If the transaction here was intended by the deceased as a gift of money in trust to be used for a particular purpose, her death before the check was honored frustrated that intention.

The decree is affirmed at appellant's cost.

Mr. Justice BARNES dissents.