## Burns v. Sinkey

*Harry E. Cope*, for plaintiff.
*Rudolph Lynch*, for defendant.

LAIRD, J., March 26, 1947.—This is an action in assumpsit brought by plaintiff against defendant for the purpose of collecting $800, the amount of two different checks on the First National Bank of Latrobe given by defendant to plaintiff, one for the sum of $300 and the other for the sum of $500, on which checks payment was stopped.

Defendant files preliminary objections to plaintiff's statement of claim alleging that "defendant, Stephen J. Sinkey, demurs to the sufficiency of plaintiff's statement of claim in that paragraph 3 does not set forth any consideration for the debt therein alleged to be due to plaintiff, Joseph Burns".

We are of opinion that it is not necessary for plaintiff to set forth in his statement of claim the consideration on which the checks were given since a negotiable instrument is deemed prima facie to have been issued for a valuable consideration: Baker & Taylor Co. v. Jacobs, 5 Schuyl. Reg. 323, and Lutz v. Heim, 5 Schuyl. Reg. 190.

Defendant argues that the instruments upon which plaintiff's suit is based are not sealed instruments, hence consideration cannot be imputed, but must be pleaded in full in the pleadings, and cites Puskarich v. Landman, 87 Pitts. L. J. 242.

The case cited by defendant was decided by President Judge Carr of Fayette County, a very able jurist, but defendant has overlooked the nub .of the decision. In the last paragraph of his opinion Judge Carr says (p. 243) :

"The obligation of the maker of a .check to ·pay its amount to the payee in case the check is not· paid by the bank for any reason is, of course, like other contracts, conditioned upon the existence of a consideration. If consideration is lacking, the check is unenforceable, except in the hands of a holder for value: [citing cases]. While under section 24 of the act, 56 PS 61, the mere issuance of a check, which is a negotiable instrument under section 185 of the act, 56 PS 473, raises a presumption of consideration, here the presumption is conclusively rebutted by the plaintiff's own admissions."

In the case at bar plaintiff does not admit lack of consideration and nothing appears in the pleadings in the instant case, nor even in defendant's preliminary objections to plaintiff's statement of claim that the checks were given without consideration therefor moving to defendant. Checks are negotiable instruments and a consideration is presumed on delivery. If, as contended by defendant at the argument, there was no consideration for the checks on which suit has been brought it is a good defense but is a matter of defense and should be pleaded. See Baldwin v. Devereux Schools, Inc., 302 Pa. 569, Mellier's Estate, 320 Pa. 150, and Mikos v. Kida et al., 314 Pa. 561. There is no intimation anywhere in the pleadings that the checks, which form the basis of the suit in this case, were given without consideration.

Defendant's preliminary objections to the statement of claim are, therefore, overruled and defendant is given 15 days to answer on the merits in default of which judgment may be entered for the plaintiff.

And now, to wit, March 26, 1947, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the preliminary objections raised by defendant to plaintiff's statement of claim be, and the same hereby are, overruled and defendant is given 15 days from this date to answer on the merits, in default of which judgment will be entered for plaintiff.