**BAKER v. ROSE.**

Civil Action No. 3148.

District Court, M. D. Pennsylvania.

June 25, 1948.

Lawrence D. Biele, of Dunmore, Pa., Sidney Z. Levy, of Scranton, Pa., and Lipsius, Biele & Lipsius, of Philadelphia, Pa., for plaintiff.

Thomas E. Roberts and Henry Greenwald, both of Wilkes Barre, Pa., for defendant.

WATSON, District Judge.

This is a motion for a more specific statement under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The complaint is brief and the portion complained of reads as follows:

"Defendant on or about April 10, 1947, executed and delivered to plaintiff a check drawn on the Wilkes Barre Deposit and Savings Bank, Wilkes Barre, Pennsylvania, payable to the plaintiff, T. Baker, in the sum of $7,000.00.

"The defendant thereafter instructed the aforesaid bank to stop payment and when the check was presented for collection payment was refused and the check was marked 'Payment Stopped.' "

The complaint contains no averment to the effect that the check referred to was issued to the plaintiff for a consideration.

The defendant assigns two reasons in support of her motion:

"That the plaintiff in his complaint fails to set out the consideration for which the check in question was issued to the plaintiff by the defendant.

"That the complaint is so insufficient that an answer cannot be prepared in response thereto."

The function of the complaint is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. Technicalities are no longer of their former importance, and a short statement which fairly gives notice

of the nature of the claim is sufficient compliance with the requirements of the Federal Rules of Civil Procedure. Continental Collieries v. Shober, 3 Cir., 130 F.2d 631.

Motions under Rule 12(e) are properly presented only where the complaint is so vague or ambiguous or contains such broad generalizations that the defendant cannot frame an answer thereto or understand the nature and extent of the charges so as generally to prepare for trial. Brinley v. Lewis, D.C.M.D.Pa., 27 F.Supp. 313.

Section 24 of the Pennsylvania Negotiable Instruments Law provides: "Every negotiable instrument is deemed, prima facie, to have been issued for a valuable consideration." 1901, P.L. 194, 56 P.S. § 61. This presumption of consideration applies to negotiable checks as well as to negotiable notes. In re Mellier's Estate, 320 Pa. 150, 182 A. 388.

It is not possible to determine whether the alleged check is a negotiable instrument so that Section 24 will apply, as it is neither quoted in the plaintiff's Complaint nor is a copy incorporated in or attached to the Complaint.

In this case, it will further the purpose and effectiveness of the Rules, and will better enable the defendant to prepare an answer if the plaintiff be required either to plead consideration for the check referred to or to incorporate in his complaint a copy of the check referred to.

The check itself, or a true copy thereof, should reveal its negotiability, if it exists. The furnishing of such places no unreasonable burden upon the plaintiff and is entirely consistent with the purposes of the Federal Rules of Civil Procedure.

An appropriate order will be filed herewith.

The plaintiff is ordered and directed to file an amended complaint within twenty days from this date, which amended complaint shall contain an averment to the effect that the defendant received good and valuable consideration for the check referred to in the original complaint, or shall include a true and correct copy of the check referred to in the original complaint.