### WILLIAM T. THORP v. ABRAHAM BATEMAN.

*Support of Infants.*

Where an infant is taken into a family, it is always the presumption that neither its support nor its services are to be compensated except as the one compensates the other.

The breach of an express contract will not sustain an action on an implied assumpsit.

Error to Lenawee. Submitted June 14. Decided June 14.

ASSUMPSIT. The facts are in the opinion.

*Stacy & Underwood* and *Walker & Weaver* for plaintiff in error, cited *Sword v. Keith*, 31 Mich., 247.

*C. R. Miller* and *Edwin Hadley* for defendant in error. A father is bound to support his minor child: *Dawes v. Howard*, 4 Mass., 97; *Edwards v. Davis*, 16 Johns., 284; 1 Pars. Cont., 303–4, title "Infants," notes *k* and *l*; this obligation is a consideration for either an express or an implied contract on his part, to pay for its support by another who has taken it at his request; *Hunt v. Thompson*, 3 Scammon, 180; *Owen v. White*, 5 Port., 435; *Varney v. Young*, 11 Vt., 258; and if taken on an agreement which

the father violates, he is liable on an implied promise to pay for what has been done; *Rumney v. Keyes*, 7 N. H., 571; *Thayer v. White*, 12 Metcalf, 343; *In the matter of Ryder*, 11 Paige, 187; ·*Van Valkinburgh v. Watson*, 13· Johns., 480; *Pidgin v. Cram*, 8 N. H. 350. One who has performed services from which another has received benefit, is entitled to recover pay therefor if the circumstances were such as to create an implied promise. *Hosmer v. Wilson*, 7 Mich., 301; *Ward v. Warner*, 8 Mich., 519; *Strong v. Saunders*, 15 Mich., 345.

COOLEY, C. J. Bateman brought suit against Thorp, claiming to recover for the board and support of an. infant daughter of Thorp, · who had lived in his family. The case made by Bateman was substantially this: that his wife was the grandmother of Thorp's daughter, and the latter was taken into Bateman's family when she was a very young child, where she remained and was supported by Bateman for several years under an agreement that she should live there until she became of legal age; that Mrs. Bateman having died, Thorp came and took his daughter away against the will of Bateman, and without making any compensation, thereby depriving the latter of the benefit he might have derived from the labor of the daughter afterwards. The action was grounded on an implied assumpsit, and the plaintiff in the court below was allowed to recover.

It can hardly be pretended that in the absence of an express arrangement, Thorp would have been liable to pay for his daughter's board and support. The presumption always is when a child is thus taken into a family, that neither support nor services are expected to be compensated, except as the one compensates the other; in other words, that the child comes in as a member of the family, and for the time being occupies substantially the same position as would a member of the family by nature.

This being the rule, the present action cannot be maintained. The fact that there had been an express understanding which was violated, is of no importance in this case. If any reliance is placed upon the breach of that, suit should

have been brought upon it: its existence and the breach thereof cannot be the foundation for an implied assumpsit of a wholly different character. If it was never understood between the parties that Thorp was to pay for the support of the daughter in Bateman's family, the fact is conclusive in this suit.