No. 10,107.

## THAYER v. YOUNGE.

INJUNCTION.—*Agreement not to Engage in Business.—Good-Will.—Restraint of Trade.—Inadequacy of Consideration.—Equity.*—An agreement not to engage in a particular business at a particular place will be enforced at law without enquiring into the adequacy of the consideration; not so on an application for an injunction, as a court of equity may decline to interfere when the disproportion between the consideration and the restriction is such as to make the agreement hard and oppressive.

SAME.—*Complaint.—Physician.*—A complaint by one physician against another to enforce by injunction an agreement of the latter to keep out of the practice, which does not show the amount of practice done by each, nor that the business of the plaintiff had been made less remunerative by reason of the breach of the agreement, is not good.

From the Whitley Circuit Court.

*S. M. Hench* and *W. S. Oppenheim*, for appellant.

*R. Stratton*, for appellee.

Woods, C. J.—The parties to this record are physicians. The appellant sued for an injunction against the appellee, charging that, upon a valuable consideration, stated, the appellee had agreed and promised not to re-engage in the practice of medicine and surgery in Fort Wayne and vicinity, and that, in violation of the agreement, he had returned to such practice in that city and neighborhood, where, since the making of said agreement, the appellant had been and was engaged in such practice. The prayer of the complaint is that the plaintiff recover of the defendant $1,000, and that the defendant be enjoined from continuing in such practice. Upon the evidence we think the judgment right.

In addition to the failure to allege any real damage done or likely to be incurred on account of the return of the appellee to the practice, the evidence shows that, at the time of making the agreement sued on, the appellee's annual income from his practice amounted to $5,000; but that, intending to remove from the State, he sold his office and household furniture, and the good-will of his business, and made the promise

not to practice again in Fort Wayne, all for the consideration of $150. It is evident, therefore, that the consideration for the promise was disproportionately small.

There is no averment in the complaint in respect to the amount of practice done by either the plaintiff or the defendant, nor that the business of the former was less or less remunerative on account of that of the latter; nor is it alleged or shown inferentially that the breach of the agreement by the defendant had caused or was 'likely to cause any damage to the plaintiff.

Upon the issues joined, the case was submitted to the court upon evidence consisting of an agreed statement of the facts. The court found for the plaintiff and gave him judgment for damages, assessed at $150, but refused to grant an injunction. It is of this refusal that the appellant complains.

Mr. Kerr, in his work on Injunctions, p. 513, sec. 35, after stating that " it may be considered as settled at law that the adequacy of the consideration will not be enquired into," although in the earlier cases it was held differently, says that "A court of equity may, however, at its discretion, decline to interfere where the disproportion between the restriction and the consideration is so great as to render the agreement a hard bargain and oppressive." See, also, 2 High Injunctions, p. 776, sec. 1180. No other question has been discussed.

Judgment affirmed, with costs.