Pickett v. Green et al.

No. 14,940.

## PICKETT v. GREEN ET AL.

CONTRACT.—*Agreement in Restraint of Trade.—Consideration.—Parol Testimony to Add to.—When Inadmissible.—Contractual Stipulation.—Injunction.—* Where, by the terms of a written contract, a physician, in consideration of the agreements and averments therein set forth, sold his office furniture and good-will, and agreed not to practice medicine within specified territorial limits for a definite time, the contract is complete and the stipulation as to the consideration is contractual. In a proceeding to enjoin the physician from practicing, by the terms of the contract, he will not be permitted to show by parol testimony that in addition to the consideration named, and the real consideration for his refraining from practice, was the agreement of one of the plaintiffs to purchase from him a certain piece of real estate, which he failed to do.

SAME.—*Conditional Delivery.—Escrow.—Injunction Proceeding.—Pleading.— Answer.—*An averment in an answer to the complaint in the injunction proceeding that the delivery of the contract sued on was conditional, does not show the non-execution of the contract, such a contract being incapable of delivery to one of the parties as an escrow.

SAME.—*Breach of.—When Cause for Injunction.—Defendant's Insolvency.—*A finding by the court that a breach of contract has caused, and is likely to cause, the plaintiffs damage, the defendant being insolvent, makes a case for injunctive relief, the plaintiffs having no other remedy. *Thayer* v. *Younge*, 86 Ind. 259, distinguished.

From the Noble Circuit Court.

*L. W. Welker, R. P. Barr* and *R. W. McBride,* for appellant.

*L. H. Wrigley, S. J. Peelle, W. L. Taylor* and *H. G. Zimmerman,* for appellees.

COFFEY, J.—It is averred in the complaint in this cause that on the 6th day of June, 1885, the appellant and the appellees entered into the following written agreement, viz.:

" This agreement made and entered into by and between Columbus M. Pickett, party of the first part, of the county of Noble and State of Indiana, and Thomas C. Green and

William T. Green, of said State, parties of the second part, witnesseth : That said party of the first part in consideration of the agreements and covenants of the parties of the second part hereinafter set out, said first party hereby sells and conveys to said second parties the following personal property, to wit : 1 table, 1 office chair with book rest, 1 reclining-chair with cane bottom and back, 6 common chairs, 1 prescription case, 1 book case, 1 stove with pipe, 1 side-lamp, 1 oil can, 1 slate, and his good-will in the practice of medicine ; and further agrees not to locate for the practice of medicine within a radius of ten miles of said town of Albion for fifteen years from this date, nor to practice within said radius, but reserves the right to do some practice for two weeks from this date.

" For, and in consideration of which, said second parties hereby agree to this day give said first party their note for one hundred dollars, due in ten days from date, and within said date to pay the same to said first party or order.

(Signed):     " COLUMBUS M. PICKETT, M. D. [Seal].

" WILLIAM T. GREEN, M. D. [Seal].

" THOMAS C. GREEN. [Seal]."

It is further averred in the complaint that at the time of the execution of the above contract the appellees were desirous of entering into the practice of medicine at the town of Albion, named in said contract, and that said contract was made with that object in view ; that they fully complied with the terms of said contract, and did enter upon the practice of medicine at said town, and have ever since and now are engaged in the practice of medicine and surgery at said place ; that the appellant, in violation of said contract, has again located in said town of Albion, and has again engaged in the practice of medicine and surgery at said place in competition with the appellees, to their damage.   Prayer for an injunction.

The appellant answered, admitting the signing of the agreement set out in the complaint, but says that at the time,

and before said writing was signed by him, it was agreed by and between the parties then signing the same, that the plaintiff William T. Green, was to purchase of the defendant and his wife the following described real estate in Noble county, Indiana, to wit: (describing it), and pay therefor the sum of fourteen hundred dollars as soon as a certain action then pending in the Noble Circuit Court, in which John S. Lytle and David Lytle were plaintiffs, and this defendant and his wife were defendants, to set aside the deed of said property and subject the same to a claim of said plaintiffs, which at that time prevented the defendant and his wife from making said conveyance, as the same was a cloud upon the title, was settled, it being agreed that as soon as said cloud was removed said plaintiff would purchase said property as above set out; that at the time of signing the contract above set out, he signed and acknowledged a deed whereby he was to convey to said William T. Green said real estate, and left the same in the hands of his attorney to be delivered when the purchase-money was paid; that the said Lytle and Lytle dismissed their said suit and agreed not to further prosecute the same on the 30th day of June, 1885; that on said day defendant notified the plaintiff, William T. Green, that said suit had been so dismissed and that he was ready to make said conveyance, but said plaintiff requested further time in which to raise the purchase-money, which was granted; that at the expiration of said time plaintiff William T. Green failed and refused to comply with his part of said agreement; that at the time of signing said agreement the same was delivered to the said William T. Green for him to submit to his brother, the other plaintiff herein, for his approval and signature, but was not to be delivered but returned to defendant's attorney and not delivered until the said William T. Green purchased said real estate and in all things complied with his agreement as hereinbefore set out; that the sale of said real estate for the sum of fourteen hundred dollars was the consideration that

moved this defendant to sign said writing set out in the complaint; that said sum of one hundred dollars named in said writing was not the consideration for which this defendant agreed not to practice medicine for fifteen years within ten miles of the town of Albion, nor any part thereof, but was the consideration for said office furniture purchased by plaintiffs, and the purchase of said real estate for fourteen hundred dollars was the sole and only consideration for said restraint of defendant's practice; that plaintiff William T. Green did not return said writing to defendant's attorney as agreed, but wrongfully and for the fraudulent purpose of injuring, annoying, and harassing this defendant, kept the same, and is now seeking to have the same declared valid and enforce the conditions thereof.

The court sustained a demurrer to this answer, and the appellant excepted.

Appellant then filed an additional paragraph of answer, which, in legal effect, is the same as the one above set out, except that it alleges, in addition to the allegations above, that the defendant, by reason of the failure and refusal of the plaintiff William T. Green to take and pay for said real estate, was compelled to and did sell the same at a sacrifice of $300, and that he received therefor the sum of $1,200 only, which was the highest and best price he was able to obtain therefor.

The court also sustained a demurrer to this paragraph of the answer, and the appellant again excepted.

The cause was tried by the court, who made a special finding of the facts proven, and stated its conclusions of law thereon, and thereupon entered a decree enjoining the appellant as prayed in the complaint. The errors assigned are :

*First.* That the court erred in sustaining appellees' demurrer to the first paragraph of the appellants' answer.

*Second.* That the court erred in sustaining appellee's demurrer to the third paragraph of the appellant's answer.

*Third.* That the court erred in its conclusions of law.

It is claimed and argued by the appellant that the consideration expressed in a written contract may be contradicted or varied to any extent the facts will warrant, and that, therefore, he had the right to aver and prove that the consideration expressed in the written contract set out in the complaint was not the true consideration. This argument is denied by the appellees, and they contend that the rule that the consideration expressed in written instruments may be contradicted or varied by parol testimony has its limitations.

It is certainly the general rule that the consideration expressed in an instrument of writing may be varied or contradicted to almost any conceivable extent. *Rockhill* v. *Spraggs*, 9 Ind. 30 ; *McMahan* v. *Stewart*, 23 Ind. 590; *Thompson* v. *Thompson*, 9 Ind. 323 ; *Levering* v. *Shockey*, 100 Ind. 558.

The reason generally given for the rule is that the language with reference to the consideration is not contractual ; it is merely by way of recital of a fact, viz., the amount of the consideration, and not an agreement to pay it, and hence such recitals may be contradicted. There is also a rule, so well known that it needs no citation of authority, to the effect that parol testimony can not be received to vary, contradict, or add to the terms of a written contract; and out of this grows the exception to the rule first above stated, that where the contract is complete upon its face, a stipulation as to the consideration becomes contractual, and where there is either a direct and positive promise to pay the consideration named, or an assumption of an encumbrance on the part of a grantee in a deed which, becomes binding upon its acceptance, then the ordinary rules with reference to contracts apply, and the consideration expressed can no more be varied by parol than any other portion of the written contract. *Welz* v. *Rhodius*, 87 Ind. 1 ; *Hubbard* v. *Marshall*, 50 Wis. 322 ; *Singer Mfg. Co.* v. *Forsyth*, 108 Ind. 334 ; *Carr* v. *Hays*, 110 Ind. 408 ; *Diven* v. *Johnson*, 117 Ind. 512; *Conant* v. *National State Bank*, 22 N. E. Rep. 250.

In this case it will be observed that the appellant, by the terms of the contract set out in the complaint, in consideration of the agreements and covenants therein set forth, sold to the appellees his office furniture and his good-will in the practice of medicine, and agreed not to practice medicine within a radius of ten miles of the town of Albion for the period of fifteen years. In consideration of this sale and agreement the appellees stipulated in the agreement to pay him one hundred dollars within ten days.

The answers of the appellant, to which the court sustained demurrers, contradict this agreement, and aver that the consideration for the agreement on the part of the appellant not to practice medicine within a radius of ten miles of the town of Albion was an agreement on the part of the appellee, William T. Green, to purchase certain real estate. We are of the opinion that the appellant can not be permitted to thus contradict the written agreement into which he has entered.

The averments in the answer, that the contract set out in the complaint was delivered to William T. Green conditionally, do not show that the contract was not executed, as a contract of that kind can not be delivered to one of the parties as an escrow.

It is to be observed that in this case the appellant has made no effort to rescind the contract; indeed, he has parted with the land which he alleges he agreed to convey to one of the appellees. He still has in his possession the one hundred dollars paid him by the appellees, and has never, at any time, so far as disclosed by the record, tendered it back.

We are of the opinion that both answers pleaded by the appellant in this case were bad, and that the court did not err in sustaining a demurrer thereto.

This case is to be distinguished from the case of *Thayer* v. *Younge*, 86 Ind. 259. In that case the appellant paid appellee the sum of $150 for a practice worth $5,000 per year. In this case the value of appellant's practice does not appear.

For anything we know to the contrary, the consideration paid for it was its full value. In that case it was not shown that the breach of the contract had caused, or was likely to cause, any damage. In this case it is found by the court that the breach of the contract set out in the complaint had caused, and was likely to cause, the appellees damage, and that the appellant is insolvent.

This made a case for injunctive relief, for without it the appellees had no remedy. The court stated as a conclusion of law upon the facts found that the appellees were entitled to an injunction enjoining the appellant from practicing medicine in violation of his contract. In this we do not think the court erred.

Judgment affirmed.

