(No. 4004.)

WALKER, EXECUTOR V. TAYLOR.

INFANTS—MEMBER OF FAMILY—SERVICES—COMPENSATION—PRESUMPTION—EVIDENCE.

Where a minor enters a family, receiving those attentions and care, and the ordinary necessaries which would be furnished a natural member, he cannot recover for services rendered the head of the family unless an agreement be shown to that effect. The presumption of law is that his support compensates for the services, and to overcome this presumption an agreement for compensation must be established by clear, positive and direct evidence.

*Error to the County Court of Weld County.*

Action by defendant in error, as complainant, against the estate of James Walker, deceased, to recover the value of services rendered deceased in the sum of $2,130. From a judgment allowing the sum of $408.00 on this account, the executor brings the matter here for review on error. The record discloses that in the spring of 1881, when complainant was not quite nine years of age, he was taken by deceased

to his own home, a farm near Evans, in Weld county, and cared for. Complainant's mother had then been dead for several years, and he was taken to the home of deceased with the consent of his father. The latter remained in the neighborhood for four or five years, and then disappeared, but never exercised any parental control over him after he went to live with deceased, or contributed to his support. Complainant continued to live with deceased until some time in 1890, with the exception of an absence on two occasions, on one of which he remained away about one, and the other about six months. Each of these times he left of his own motion, and voluntarily returned. While living with deceased, he was treated as a member of the family, did chores and the ordinary work of a boy of his years on a farm, went to school part of the time; was comfortably clothed, and was furnished with some spending money from time to time by deceased; appears to have recognized the authority of the latter to exercise control over him, and that deceased sometimes visited the school which he attended, and took a general interest in his welfare; in short, he appears to have been treated while residing with deceased the same as though he had been a natural member of his household. Deceased was the head of a family which consisted of himself, his brother and two sisters. Deceased and claimant were not of kin. Neither kept an account of services rendered, or for money paid out in support of claimant. There was evidence tending to prove the value of the services which he rendered deceased. The only evidence tending to prove that an agreement had been made with respect to compensation was the testimony of the twin brother of claimant, who stated that he was present when their father arranged for deceased to take and care for his brother; that deceased was to keep him until he was twenty-one years of age, take care of him, and pay him whatever he was worth. Deceased departed this life in the summer of 1898. Complainant does not appear to have made any

claim for compensation against deceased during his life time.

Mr. CHARLES F. TEW for plaintiff in error.

Mr. J. C. SCOTT and Mr. H. E. CHURCHILL for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Where a minor enters a family, receiving those attentions and care, and the ordinary necessaries which would be furnished a member by nature, he cannot recover for services rendered the head of the family during that period, unless an agreement be shown to that effect. In such circumstances the presumption of law is that his support compensates for the services he may perform. To overcome such presumption, an agreement for compensation must be established by evidence which is clear, positive snd direct. *Windland v. Deeds,* 44 Iowa 98; *Thorp v. Bateman,* 37 Mich. 68; 17 Enc. Law, 336 *et seq.; McGarvey v. Roods,* 73 Iowa 363; *Smith v. Johnson,* 45 Iowa 308; *Candor's Appeal,* 5 W. & S. (Pa.) 513; *Wall's Appeal,* 5 Atl. (Pa.) 220; *Wyley v. Bull,* 41 Kan. 206; *Tyler v. Burrington,* 39 Wis. 376; *Hall v. Finch,* 29 Wis. 278.

Complainant was taken charge of by deceased at a time when he was a lad of tender years; when he was unable to render services which would compensate for the care and attention bestowed; his own father appears to have been unable or unwilling to give him support—at least, contributed nothing to that end nor exercised any control over him after he went to the home of the deceased, and finally deserted him. He was to remain with deceased during his minority. During his residence with deceased, he was furnished with a comfortable home, the necessaries of life, given some opportunities for education, and in return for the expense thus incurred did such work as a boy upon a farm is expected to perform.

It is clear that he was treated as a member of the family and the law does not imply that he was to be recompensed for the services he may ' have rendered deceased. His right to recover must, therefore, depend upon the proof of a contract to the effect that he was to be paid for such services.

Upon this proposition the evidence falls far short of being clear, direct and positive; no account was kept between deceased and complainant. His brother testified that deceased said he would pay him what he was worth. The circumstances negative this statement. After complainant had arrived at the age when he was capable of doing work on the farm, which might be worth more than his support, no change was made by either of the parties which indicates that he was to be paid. He never made a claim against deceased upon the account which he now asserts against his estate. He waited for eight years, and then, when the lips of deceased were sealed, makes his claim for the first time. During this period he had been of age something over five years. These circumstances are such that the evidence regarding the contract upon which he relies not only falls short of the degree of clearness which the law requires, but demonstrates to a moral certainty that he was taken charge of by deceased and admitted to his home, a member of his family, as an act of charity. To prevent such an act, through fraud, being converted into an obligation to pay the one to whom it is extended for services rendered in return for the benevolence bestowed, the rules of law have been formulated which govern this case, and under which, from the facts disclosed by the record, the complainant is not entitled to recover.

The judgment of the county court is reversed, and the cause is remanded, with directions to enter an order disallowing complainant's claim.

*Reversed and Remanded.*