## ERNST *v.* CAMPBELL.

CONTRACTS—NUDUM PACTUM—CONSIDERATION.

A writing whereby the promisor agreed to pay another a certain per cent. of the commissions received for sales of membership in a proposed savings association, where the only consideration therefor was promisee's efforts to secure for the promisor the fiscal agencies of said association, was a *nudum pactum*, void for want of consideration.[1]

Error to Oakland; Gillespie (Glenn C.), J. Submitted April 21, 1926. (Docket No. 168.) Decided June 7, 1926.

Assumpsit by B. Walter Ernst against John T. Campbell for services rendered. Judgment for defendant. Plaintiff brings error. Affirmed.

*Dunham & Cholette,* for appellant.

*Harold E. Storz,* for appellee.

[1]Contracts, 13 C. J. § 220.

WIEST, J.    Plaintiff brought suit on the following agreement:

"This memorandum of agreement by and between John T. Campbell, 207 South Main street, Royal Oak, Oakland county, State of Michigan, first party, last known address, and B. W. Ernst, 328 Thompson street, Flint, Michigan, second party:

"Witnesseth:

"*Whereas,* the first party becomes fiscal agent for the Greater Royal Oak Savings Association in the city of Royal Oak, State of Michigan, through the endeavor of second party;

"*First:* The said first party wishes to compensate the second party for his efforts in obtaining the first party the fiscal agencies of said association, first party further agrees to pay to the second party twenty-five per cent. (25%) of his two ($2.00) dollars commission he received through his sales of membership shares to the board of directors of said association.

"*Second:* It is further agreed that the first party is to pay twenty-five cents (25c) on each and every share thereafter sold for the balance of the ten thousand (10,000) shares or until the expiration of his contract.

"Signed and sealed this 23d day of January, 1925."

The defense was want of consideration. Findings of fact and conclusions of law were filed. Amendments were proposed and refused. Exceptions were filed. Judgment was entered for defendant. Plaintiff reviews by writ of error.

During the summer of 1924, plaintiff endeavored to interest persons at Royal Oak in establishing a branch loan association there. He was not successful and also found that a loan company in another county could not establish a branch at Royal Oak. His unsuccessful efforts led other persons to organize the Greater Royal Oak Savings Association. Plaintiff gave some assistance in organizing this association. While engaged in promoting the proposed association plaintiff became acquainted with defendant and they worked together in promoting incorporation.

Defendant gave plaintiff $250 with which to pay the franchise fee for recording the articles of incorporation.   Plaintiff made little progress in securing the charter and defendant went to Grand Rapids where plaintiff was on January 23, 1925, to secure the return of the $250, and there signed the agreement sued upon.

It will be noted the agreement, in effect, recites that defendant should pay plaintiff for his efforts in obtaining for defendant "the fiscal agencies of said association."   We think the writing expressed the true reason for defendant's promise, *i.e.*, to divide the commission he had or would receive for making sales of shares of stock in the association.   At that time defendant was under no moral or legal obligation to pay plaintiff anything.   Plaintiff's efforts to establish a branch association, and later an association, were in no sense rendered in behalf of defendant.   The total absence of *quid pro quo* rendered the agreement *nudum pactum*.   The promise to divide the commission he had or should earn was gratuitous.   Plaintiff gave nothing for the promise, and by its breach has suffered no damage cognizable by courts.   If the agreement had not been signed plaintiff surely would not have made any claim against defendant.   The agreement was of no benefit to defendant nor was it based on any obligation resting upon defendant.

Counsel for plaintiff insist plaintiff and defendant were engaged in a "joint venture" in aiding the organization of the association and were to enjoy the advantage of being sales agents.   We cannot so hold. Plaintiff undoubtedly expected to reap a benefit from his efforts in behalf of the association.   His services as a promoter were not chargeable to defendant.   The fact defendant obtained the sales agency and thereby obtained commissions, which plaintiff might have earned had he obtained the agency, constituted no

consideration for the agreement in suit.    If one man gets another a job such fact cannot be made the consideration for an agreement to divide the earnings.

Judgment affirmed, with costs to defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.