## STATE ex MORGAN v RUSK, etc

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10819.  Decided June 23, 1930

A. H. Martin, Cleveland, for State ex.
Walter Booth, Cleveland, for Rusk.

**VICKERY, PJ.**

We have gone over this record and heard the arguments of counsel and we wonder where the basis for this objection is. If we understand the nature of the charter of the City of Cleveland, within its proper domains it has the same power that the Ohio legislature would have, to pass private bills or to do anything that the legislature might do. Now the thing that we wish to accentuate in this case is that Morgan was not a volunteer; that he performed these services upon the request of the authorities and that seems to have been a point which the learned judge in the court below seems to have lost sight of. Of course, if a man does a heroic act and is a mere volunteer, he cannot recover, nor can a subsequent promise to pay him be the basis of a recovery. There must have been not only a promise, but it must have been based upon a prior request or legal liability; but where there is a prior request and then after the services are rendered there follows the subsequent promise, under all the laws of contracts of which we have knowledge, there is laid a perfect basis for a right to recover.

Now we want to cite in this connection a case that arose in this County, **Spitzig vs. The State, ex rel Hile, et al, 119 OS. 117.** The County Commissioners are liable only when made so by statute. An accident happened in the Court House by the falling of an elevator and Spitzig was very seriously injured in that accident. The County was not liable because there was no statutory liability. Under such circumstances the claimant went to the legislature and

had a private bill passed which authorized the County Commissioners of Cuyahoga County to settle that claim for a sum not to exceed $15,000 and to pay the injured party the amount upon which they had agreed in settlement. A settlement was made for $12,500, and the County Commissioners authorized the Auditor to draw a warrant out of the general fund to pay this sum of money. Whereupon an injunction suit was brought to prevent the auditor from issuing such a warrant because there was no legal basis for the payment of this sum of money. That was heard by the courts and the Supreme Court found—and we think properly found, that the auditor must issue the warrant, although that was a more far-fetched case than the instant one, because there was **no legal** liability on the County Commissioners at all, and, of course, there was no request in the first instance, in favor of the injured man. It is claimed by the City in the instant case that the County Commissioners were negligent in that case and it is argued that the right to pay was based upon negligence. There is no negligence unless it be **actionable** negligence. Negligence is a term that is used upon which, if it exists, an action can be predicated to recover. Now there was no negligence upon the part of the County Commissioners in the Spitzig case, because there was no **actionable** negligence, or no negligence which gave rise to a cause of action, therefore it was not a basis for a lawsuit and could not be. But the legislature of Ohio, the supreme law making body of the State could, by private bill, authorize the County Commissioners of Cuyahoga County to pay a claim which there was a moral obligation on their part to pay. If this injured party was guilty of no negligence himself and was injured while riding in one of the public elevators in the Court House, there is no reason why he should bear the brunt of it rather than the entire community, and so the legislature having plenary power, having power to legislate upon any subject which is not prohibited by the constitution of the United States or of the State of Ohio, might readily authorize the County Commissioners to pay such a bill, and that theory was sustained by the Supreme Court and Spitzig got his money.

Now adverting again to the instant case, the difference between it and the case of which I have just spoken is that in the instant case a man at the request of the authorities performed services which were not only laudable but heroic, and subsequently the legislative body of the City, having the same plenary powers that the legislature of the State has, within its province passed an ordinance authorizing the payment of Two Thousand Dollars to this man, and we think that they had the power to pass such legislation and we think the record in this case shows that the council was not only authorized to pass the bill but that the city auditor ought to have paid it; and we think that the court below, in refusing to issue the writ of mandamus had misunderstood the facts and the law, and that his finding was both contrary to the

facts and to the greater weight of evidence and to the law, and for that reason the judgment of the Common Pleas Court will be reversed. Having all the facts before us, and the relator being entitled to the writ of mandamus, and we, having original jurisdiction in mandamus, order the writ issued that the Court of Common Pleas should have ordered issued, and the judgment of the court will be: the cause reversed and the writ of mandamus ordering the City Auditor to draw the voucher to pay this Two Thousand Dollars be issued. Judgment accordingly.

Sullivan and Levine, JJ, concur.