GRANBERRY v. McBRIDE et al.

No. 5471.

Court of Civil Appeals of Texas. Texarkana.

March 7, 1940.

284

Bartlett & Patman, of Linden, for appellant.

Newland, Cornett & Whitworth, of Linden, for appellees.

WILLIAMS, Justice.

L. M. Granberry, plaintiff below, sued the heirs of A. B. McBride, and in his prayer for relief seeks to cancel, set aside and annul an instrument in writing, signed, acknowledged and delivered by plaintiff on January 15, 1934, to A. B. McBride, now deceased. In this instrument, a general warranty deed in form, plaintiff purports to convey to McBride in fee simple approximately 162 acres of land in Cass County. Same was recorded in Cass County Deed Records the next day. The deed recites $381.34 cash in hand paid to plaintiff by McBride and the further consideration of McBride's assumption of the payment of a balance of $817.83 due by plaintiff to the Federal Land Bank payable on the amortization plan in semi-annual payments. This suit was filed March 6, 1937. No homestead question is involved. The validity of the Land Bank's deed of trust lien to secure the $817.83 balance is not questioned. At the time this deed was executed plaintiff admits he owed McBride $381.34, and was in default on his taxes for several years and had failed to meet a number of payments to the Land Bank which had fallen due. McBride paid these delinquencies, and installments and taxes which subsequently came due.

Plaintiff pleaded that at the time he executed the deed he was sick, "incapable of transacting business as might a healthy man," uneducated, and wholly unfamiliar with the difference between a deed and a deed of trust, and relied upon representations made to him by McBride that the instrument was a deed of trust, and executed the instrument believing it to be a deed of trust, with the intention solely of securing McBride in the above-mentioned sums of money. In other paragraphs of the petition plaintiff pleaded that he executed the purported deed with the "complete and mutual understanding" that McBride would allow him five years from date of deed within which to redeem the land by reimbursing McBride the amount of the sums above mentioned with 10% interest. In addition to a general demurrer, denial and various special exceptions, defendant pleaded that plaintiff in certain acts and conduct had affirmed and ratified such instrument as a warranty deed.

At the close of the evidence offered by plaintiff, the court instructed the jury to return a verdict for defendants, and entered judgment denying plaintiff a recovery. No proposition having been advanced upon either of the two assignments of error, the record will be examined for fundamental error. 3 Tex.Jur. 877, Sec. 613.

Although plaintiff pleaded that he was led to believe he was executing a mortgage through alleged fraudulent acts and conduct of McBride, his evidence does not support such allegations. He testified that he could read well at the time, but did not read the instrument or request any one to read it for him. Plaintiff offered no testimony that any one represented the instrument he signed to be a mortgage. In fact, all the evidence offered is to the effect that McBride agreed to give him five years to redeem the land. This is reflected in the testimony of Granberry. He testified that McBride told him when he signed the instrument: "I am going to hold this land for you for five years, and then if you will pay it out I will deed it back to you; all I want is my money back

out of it." "He told me that at the time." It is evident that the instrument which plaintiff executed was a general warranty deed conveying a fee-simple title, in which McBride assumed the payment of and became obligated to pay the balance due on a valid subsisting lien then held by the Land Bank. In this, the consideration expressed was contractual. In the absence of proof of fraud, accident or mistake, such a consideration is not subject to be varied or contradicted by parol so as to engraft upon the terms of this instrument this additional alleged oral agreement. Pickett v. Green, 120 Ind. 584, 22 N.E. 737; Pridgen v. Furnish, Tex.Com.App., 23 S.W.2d 307; Matheson v. C—B Live Stock Co., Tex. Civ.App., 176 S.W. 734; 17 Tex.Jur. 854, Sec. 388; 10 R.C.L. 1044, Sec. 238.

█ In March, 1936, McBride sued plaintiff in a forcible detainer suit for possession of this land. If plaintiff had believed he had executed a mortgage instead of a deed, and conceding that McBride had misled him, plaintiff learned in this forcible detainer suit that McBride asserted title and possession under the deed. Plaintiff's witness Logwood, the Justice of the Peace who presided in the forcible detainer suit, when asked what contention plaintiff made in the trial as to why he would not give McBride possession of the place, answered: "He said McBride owed him $60 for work on the fence and he wasn't going to move until he paid him. That was his defense to that suit." Plaintiff did not deny this testimony given by his witness. After McBride had recovered judgment for possession of the land in the forcible detainer suit plaintiff on May 22, 1936, entered into a written rental agreement under which he rented the residence building and a hog pasture on the farm for the year 1936, and agreed to surrender possession on or before December 31, 1936. He admits that he made this rental agreement. He further admitted that he paid $60 in cash in advance as rent for the use of the residence and pasture for 1936. Others who cultivated the land in 1934, 1935, and 1936, attorned to McBride with the rents. Plaintiff does not claim to have been under any physical or mental disability at the time of the forcible detainer trial at this time, or when he made the rental contract. These subsequent acts and conduct of plaintiff, viewed in the most favorable light for plaintiff, if it

does not refute his contention that the instrument was intended to be a mortgage, amount to a ratification of the instrument as a deed according to its terms. Minter v. Hawkins, 54 Tex.Civ.App. 228, 117 S. W. 172, 173; Kiehn v. Willmann, Tex. Civ.App., 218 S.W. 15; Missouri Pac. Ry. Co. v. Brazil, 72 Tex. 233, 10 S.W. 403; Newman v. Taylor, Tex.Civ.App., 122 S. W. 425; 10 Tex.Jur. 107 Sec. 62; 10 Tex. Jur. p. 65; 24 Tex.Jur. 385, Sec. 10; 7 Tex.Jur. pp. 943, 947.

The judgment is affirmed.