BROWN, ADMINISTRATOR *v.* ADDINGTON

[No. 17,145.   Filed January 28, 1944.]

406

*Moran & Abromson*, of Portland, *Robert F. Murray* and *L. A. Guthrie*, both of Muncie, for appellant.

*Bonham & Emshwiller*, of Hartford City, and *Brady & Watson*, of Muncie, for appellee.

CRUMPACKER, C. J.—The appellant instituted this suit against the appellee in the Delaware Circuit Court to recover judgment on the following written instrument:

"July 20, 1929

"I, Claude L. Addington, remembering and appreciating the many favors and acts of kindness, rendered to me, during the years that have passed, by my beloved uncle William E. Brown, and desiring to express my gratitude to him in something more than empty words, hereby promise and pledge that I will pay to my said Uncle William E. Brown, the sum of One Hundred Dollars ($100.00) during each year that the said William E. Brown shall live. Payment to be made on or about the first day of January of each said year, beginning with the year 1930.

"(Signed) Claude L. Addington."

The complaint was originally in three paragraphs to each of which a separate demurrer for want of sufficient facts was filed by the appellee and sustained by the court. The appellant thereupon dismissed the second paragraph of said complaint, refused to plead

further as to the first and third paragraphs thereof and judgment was rendered accordingly. The only questions presented to this court for decision go to the sufficiency of the facts pleaded, either in the first or third paragraphs of said complaint, to constitute a cause of action.

Appellant's first paragraph of complaint alleges the execution of the above contract by the appellee, the death of William E. Brown, the appointment of the appellant as the administrator of said decedent's estate, the failure of the appellee to pay any part of his obligation by reason of said contract, and asks judgment in the sum of $1,100. The appellee contends that his demurrer to this paragraph of complaint was properly sustained because it shows on its face that the contract sued upon was executed wholly without consideration. This contention is based on the fact that there is no allegation in the body of the complaint that said contract was executed for a good or valuable consideration and the contract itself, which is the very foundation of the appellant's cause of action and which is attached to the complaint and made a part thereof by reference, shows that it is a mere promise to pay money in recognition of past favors and kindnesses prompted by the natural love and affection the appellee held for the appellant's decedent during life.

A contract to pay money purports a valid consideration and ordinarily a mere recital as to the consideration for such a contract is not binding and parol evidence is admissible to show that some other consideration was in fact given or to be given. *McDill* v. *Gunn* (1873), 43 Ind. 315; *Stearns* v. *Dubois* (1876), 55 Ind. 257; *Welz* v. *Rhodius* (1882), 87 Ind. 1; *Pickett* v. *Green* (1889), 120 Ind. 584, 22 N. E. 737; *Stewart* v. *Chicago, etc., R. R. and Chicago and Indi-*

*ana Coal Ry. Co.* (1895), 141 Ind. 55, 40 N. E. 67; Ewbank's Indiana Trial Evidence, p. 496, § 541. It has been held, however, that this rule has no application where the instrument states the consideration fully and specifically. *Bever* v. *North* (1886), 107 Ind. 544, 8 N. E. 576; *Diven* v. *Johnson* (1889), 117 Ind. 512, 20 N. E. 428; *Reynolds* v. *Louisville, New Albany and Chicago Ry. Co.* (1895), 143 Ind. 579, 40 N. E. 410. The recital in the present contract appears to us to be a full and specific statement of the alleged consideration for which said contract was executed and, as the complaint avers no other or additional consideration, it is not fortified by the parol evidence rule to which we have above referred. If a person has been benefited in the past by some act or forbearance for which he incurred no legal liability and "afterwards, whether from good feeling or interested motives, he makes a promise to the person by whose act or forbearance he has benefited, and that promise is made on no other consideration than the past benefit, it is gratuitous and cannot be enforced; it is based on motive and not on consideration." 17 C. J. S. 470, § 116 and cases cited. Although natural love and affection is sufficient consideration for an executed contract, it is generally held insufficient to support an executory promise. Indiana is in line with this general rule and the courts of this state have held frequently that such promises are mere gratuitous engagements to give and not gifts *inter vivos* or *causa mortis*. *Galbraith* v. *Galbraith* (1935), 99 Ind. App. 563, 193 N. E. 707; *West* v. *Cavins, Executor* (1881), 74 Ind. 265; *The Gammon Theological Seminary* v. *Robbins* (1891), 128 Ind. 85, 27 N. E. 341, 12 L. R. A. 506; *Roney* v. *Dunleary* (1906), 39 Ind. App. 108, 79 N. E. 398; *Bowers* v. *Alexandria Bank, Admr.* (1921), 75 Ind. App. 345, 130 N. E. 808.

We are constrained to hold that the appellant's first paragraph of complaint counts on a written instrument which was executed through motive only and, being executory in nature, the natural love and affection existing between the parties thereto will not support it as a gift *inter vivos*. The demurrer thereto was properly sustained.

The appellant's third paragraph of complaint is identical with the first except that it contains the following additional allegations; When 8 years old the appellee, a nephew of the appellant's decedent, became homeless. Although under no legal obligation to do so the said decedent took the appellee into his own home where, during the ensuing 6 years said appellee was fed, clothed, educated in the public schools and otherwise cared for by said decedent for all of which said decedent received no remuneration. For many years thereafter the appellee, when not employed, spent much of his time in the decedent's home and paid nothing for food and shelter. By July 20, 1929, the decedent had reached an advanced age and became apprehensive that he might not have sufficient means to provide for his needs during the remainder of his life. He thereupon requested the appellee, in consideration of the board and lodging furnished as above described, to assist him during his old age by payment to him of $100 per year for the remainder of his life. To this the appellee agreed and the contract sued on was executed. These allegations in the body of the complaint are evidently intended to supplement and detail the "many favors and acts of kindness" mentioned in the contract itself and to show that the real consideration for said contract consisted of things and services of monetary value furnished by said decedent to the appellee during his youth.

By the great weight of authority a past consideration, if it imposed no legal obligation at the time it was furnished, will support no promise whatever. A past consideration is insufficient, even though of benefit to the promisor, where the services rendered or things of value furnished were intended and expected to be gratuitous. *In Re Green* (1930), 45 Fed. (2d) 428; *Ernst v. Campbell* (1926), 235 Mich. 301, 209 N. W. 78; *Pershall v. Elliott* (1928), 249 N. Y. 183, 163 N. E. 554; *State ex rel. Morgan v. Rusk, (City) Dir. of Finance* (1930), 37 Ohio App. 109, 174 N. E. 142; *Irons Investment Co. v. Richardson* (1935), 184 Wash. 118, 50 P. (2d) 42, 17 C. J. S. 470, § 116.

Nowhere in the appellant's third paragraph of complaint is it alleged that the board and lodging furnished by said decedent to the appellee were furnished for any expected remuneration or that the appellee accepted them with any agreement or understanding that he was to pay for them. On the contrary, the reasonable construction of the pleading indicates that appellant's decedent had no thought of remuneration until he had reached old age and feared that he had insufficient means to meet his needs during the remainder of his life. Thus it would seem that the consideration, as pleaded, imposed no legal obligation on the appellee at the time it was furnished and was intended by the decedent and expected by the appellee to be gratuitous.

The appellant insists, however, that this paragraph of his complaint shows that the consideration for the contract in suit was the furnishing of necessaries to a minor and that under such circumstances the law implies a contract to pay their reasonable value and that such implied contract was ratified by the appellee when he reached full age by the

execution of the present agreement. We think this position might be well taken if appellant's decedent and the appellee had been strangers in the transaction. However, where a family relationship exists, either natural or assumed, there is no liability of the minor for such necessaries in the absence of an express agreement to pay for the same, unless the circumstances are such that an agreement may be fairly inferred therefrom. *James, Administrator* v. *Gillen* (1892), 3 Ind. App. 472, 30 N. E. 7; *Turner* v. *Flagg, Guardian* (1893), 6 Ind. App. 563, 33 N. E. 1104. Cooley, J., for the court in *Thorp* v. *Batemen* (1877), 37 Mich. 68, expressed the rule as follows: "The presumption always is when a child is thus taken into a family, that neither support nor services are expected to be compensated, except as one compensates the other; in other words, that the child comes in as a member of the family, and for the time being occupies substantially the same position as would a member of the family by nature." In *James, Administrator* v. *Gillen, supra,* this court said at p. 477: "Nearness of kinship is influential only in determining whether the family relation does in fact exist, but after such relation is once established, and the parties live as members of a common family, the rule is the same regardless of the questions of consanguinity or affinity." See also *Davis* v. *Davis* (1882), 85 Ind. 157; *Smith* v. *Denman* (1874), 48 Ind. 65; *Hays* v. *McConnell* (1873), 42 Ind: 285.

The facts pleaded in the appellant's third paragraph of complaint clearly show that the appellee was taken into the decedent's family and treated as a member thereof for many years. No express contract to pay for clothing, board and lodging is pleaded and the law implies none. There being no legal obligation to pay for these necessaries imposed upon the appellee at the

time they were furnished they are insufficient, as consideration, to support the contract sued upon. The demurrer to the third paragraph was properly sustained.

Judgment affirmed.

NOTE.—Reported in 52 N. E. (2d) 640.